UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ECI SOFTWARE SOLUTIONS, INC., | § § § | |
| Plaintiff, | § § | |
| v. | § § | CASE NO. 3:18-cv-02758-S |
| JOHN PLYLER PLUMBING AND HARDWARE, INC.; OLSHAN LUMBER COMPANY; AND PROSPERITY COMPUTER SOLUTIONS, LLC, | § § § § § § | |
| Defendants. | § | |

## JOINT REPORT

The parties, Plaintiff ECI Software Solutions, Inc. ("Plaintiff") and Defendants John Plyler Plumbing and Hardware, Inc., Olshan Lumber Company, and Prosperity Computer Solutions, LLC (collectively "Defendants"), hereby file this Joint Report pursuant to Federal Rules of Civil Procedure 16(b)(3) and 26(f), and this Court's Case Management Procedures:

## RULE 26(F) CONFERENCE

The Parties conducted a Rule 26(f) conference on November 29, 2018 and discussed in good faith the matters outlined in Rule 26(f). In the days following, the parties had extensive discussions in an attempt to reach agreement on additional issues. This Report outlines the agreements of the Parties and identifies those areas where the Parties are not able to reach an agreement at this time.

**JOINT REPORT** -- PAGE 1

## DISCOVERY PLAN

The parties' views and proposals on the matters listed in Rule 26(f)(3)(A)-(F):

A. **What changes should be made in the timing, form, or requirement for disclosures under Rule 26(a), including a statement of when initial disclosures were made or will be made:**

The parties agree to make Rule 26(a)(1) disclosures by January 18, 2019.

B. **The subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused on particular issues:**

The parties agree that the subjects on which discovery may be needed are those covered by Rule 26(b)(1). The parties have been unable to agree on discovery deadlines. All parties agree that discovery does not need to be conducted in phases, or be limited to or focused on particular issues.

Prosperity and Plyler seek an order requiring ECI to identify its trade secrets with reasonable particularity prior to the discovery beginning in this case so as to prevent ECI from using the discovery process as a fishing expedition and molding its claims around what it discovers. Olshan believes that ECI sought and obtained a Temporary Restraining Order and a Temporary Injunction based on its allegations that all Defendants misappropriated ECI's trade secrets. As such, ECI should be able to definitively articulate with reasonable particularity the trade secrets it is claiming were misappropriated. The Defendants should have the benefit of the clearly defined trade secrets prior to general discovery in this matter in order to efficiently seek information through the discovery process.

ECI opposes the order sought by Defendants as unnecessary because that information may be obtained in the ordinary course of discovery, a primary purpose of discovery is to obtain information that a party does not have at the outset of the case, and the Federal Rules of Civil Procedure permit parties to object to discovery requests.

**JOINT REPORT** -- PAGE 2

**C.     Any issues about disclosure, discovery, or preservation of electronically stored information, including the form or forms in which it should be produced:**

The parties agree that the disclosure and/or discovery of electronically stored information ("ESI") should be conducted pursuant to the Federal Rules of Civil Procedure.

The Parties agree that for purposes of production, all ESI being produced should be delivered via Secure File Transfer ("FTP") or copied to a CD-ROM, DVD-ROM, or other external storage device.

The Parties disagree whether the Court should enter an order at this time requiring that the documents produced in this case meet certain production specifications prior to the parties exchanging discovery requests in this case and seeing what type of documents each party seeks. ECI requests that the Court enter into the Order Regarding Production Specifications attached hereto as Exhibit A to avoid the problems that Plaintiff believes arose during the expedited discovery in this case including the failure to produce metadata and other basic information that should have been produced when ESI was produced.  Plyler and Prosperity believe that such an order is premature since (1) none of the parties have seen the production requests in this case; (2) do not yet know what information will be responsive to such requests or in what format such information exists on their systems; and (3) cannot assess whether the production specifications comply with the proportionality factors under FRCP 26(b)(1).

Plyler and Prosperity further believe that all the parties can mutually agree to production specifications without an order from the Court once the production requests are exchanged and the parties can see what information is being sought.

Olshan finds either solution acceptable.

**D.     Any issues about claims of privilege or of protection as trial-preparation materials, including – if the Parties agree on a procedure to assert these claims after production – whether to ask the Court to include their agreement in an order under Federal Rule of Evidence 502:**

The parties have negotiated an Amended Protective Order governing the production of confidential and highly confidential information, which is designed to amend and replace the existing Protective Order entered by the Eastern District of Texas prior to transfer of this case to this District. The Parties request that the Court enter the Amended Protective Order attached hereto as Exhibit B. In addition, the Parties have negotiated an agreement regarding the inadvertent production of privileged documents. The Parties request that the Court enter the "Rule 502 Agreement" attached hereto as Exhibit C.

**E.     What changes should be made in the limitations on discovery imposed under these rules or by local rule, and what other limitations should be imposed:**

The parties disagree on the number of depositions that may be taken under either Rule 30(a)(2)(A)(i) or Rule 31(a)(2)(A)(i). Plaintiff requests that those numbers should be increased from 10 to 15 because there are three defendants in this case, the discovery that has already occurred indicates that there are numerous witnesses who possess relevant knowledge, there will likely be extensive expert discovery, and increasing the number of depositions from the outset will dramatically decrease the likelihood Plaintiff will need to burden the Court with requests for leave to take additional depositions.

All three Defendants oppose Plaintiff's request because (1) Plaintiff has already deposed all of the Defendant's corporate representatives during the expedited discovery; (2) the three Defendants are small companies (Olshan and Plyler are small family-owned businesses) with limited resources and limited number of witnesses with the knowledge of relevant facts.

The parties agree that there shall be no limit on the number of requests for admissions as to the authentication of documents.  All other discovery should be conducted pursuant to the Federal Rules of Civil Procedure.

**F.     Any other orders the Court should issue under Rule 26(c) or under Rule 16(b)-(c):**

Plaintiff requests that the Court enter the Order Regarding Production Specifications attached hereto as Exhibit A.  Plyler and Prosperity oppose the entry of the order; Olshan finds either solution acceptable.

The Parties jointly request that the Court enter the Agreed Protective Order attached hereto as Exhibit B and the Rule 502(b) Agreement attached hereto as Exhibit C.

The Parties are submitting a proposed scheduling order under Rule 16(b), which is attached hereto as Exhibit D, but they have been unable to agree on dates.  The Eastern District of Texas entered an Agreed Temporary Injunction prior to transfer of this matter and the Parties recognize that Agreed Temporary Injunction remains in place pursuant to its own terms.

## ALTERNATE DISPUTE RESOLUTION

The parties agree the case should be referred to mediation before a mediator and that such mediation shall take place at least 90 days before the initial trial setting of this case.  The parties have agreed to John DeGroote as a mediator.

Respectfully submitted,

| | |
|---|---|
| */s/ Christopher M. LaVigne* | */s/ Audra Mayberry* |
| Christopher M. LaVigne | Audra L. Mayberry |
|   Texas Bar No. 24026984 |   Texas Bar No. 24068615 |
|   lavignec@gtlaw.com |   audra.mayberry@clarkhillstrasburger.com |
| Brennwyn B. Romano | **CLARK HILL STRASBURGER** |
|   Texas Bar No. 24099028 | 2600 Dallas Parkway, Suite 600 |
|   romanob@gtlaw.com | Frisco, TX 75034 |
| **GREENBERG TRAURIG, LLP** | |
| 2200 Ross Avenue, Suite 5200 | **ATTORNEY FOR DEFENDANT JOHN PLYLER PLUMBING AND HARDWARE, INC.** |
| Dallas, Texas 75201 | |
| Telephone: (214) 665-3600 | |
| Facsimile: (214) 665-3601 | |
| | |
| Mary-Olga Lovett | */s/ Todd Shadle* |
|   Texas Bar No. 00789289 | Todd Shadle |
|   lovettm@gtlaw.com |   Texas Bar No. 00797413 |
| Rene Trevino |   TShadle@GodwinBowman.com |
|   Texas Bar No. 24051447 | **GODWIN BOWMAN & MARTINEZ** |
|   trevinor@gtlaw.com | 1201 Elm St., Suite 1700 |
| **GREENBERG TRAURIG, LLP** | Dallas, TX 75270 |
| 1000 Louisiana, Suite 1700 | |
| Houston, Texas 77002 | **ATTORNEY FOR DEFENDANT OLSHAN LUMBER COMPANY** |
| Telephone: (713) 374-3500 | |
| Facsimile: (713) 374-3505 | |
| | |
| Kurt A. Kappes | */s/ Leiza Dolghih* |
|   California Bar No. 146384 | Leiza Dolghih |
|   kappesk@gtlaw.com |   Texas Bar No. 24043355 |
| **GREENBERG TRAURIG, LLP** |   Leiza.Dolghih@lewisbrisbois.com |
| 1201 K Street, Suite 1100 | **LEWIS BRISBOIS** |
| Sacramento, CA 95814 | 2100 Ross Avenue, Suite 2000 |
| Telephone: (916) 442-1111 | Dallas, TX 75201 |
| Facsimile: (916) 448-1709 | |
| | |
| **ATTORNEYS FOR PLAINTIFF ECI SOFTWARE SOLUTIONS, INC.** | **ATTORNEY FOR DEFENDANT PROSPERITY COMPUTER SOLUTIONS, LLC** |

## CERTIFICATE OF SERVICE

      I hereby certify that on December 17, 2018, I electronically filed the foregoing document with the Clerk of the Court through the CM/ECF system, which will send notices of electronic filing to all counsel of record.

                                              */s/ Christopher M. LaVigne*
                                              Christopher M. LaVigne