UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ECI SOFTWARE SOLUTIONS, INC., | § § | |
| Plaintiff, | § § | |
| v. | § § | CASE NO. 3:18-cv-02758-S |
| JOHN PLYLER PLUMBING AND HARDWARE, INC.; OLSHAN LUMBER COMPANY; AND PROSPERITY COMPUTER SOLUTIONS, LLC, | § § § § § § | |
| Defendants. | § | |

**FIRST AMENDED AGREED PROTECTIVE ORDER**

THE COURT, having considered the Agreement of the Parties detailed in this First Amended Agreed Protective Order (the "Agreed Protective Order"), has concluded that the Protective Order, as set forth below, should be entered.

IT IS THEREFORE ORDERED THAT:

1. Definitions:

    (a) "Document" shall mean any information in written or recorded form.

    (b) "Party or "Parties" shall mean any one of or all of ECI Software Solutions, Inc., John Plyler Plumbing and Hardware, Inc., Olshan Lumber Company, and Prosperity Computer Solutions, LLC.

    (c) "Protected Information" generally refers to the information and documents to be produced subject to this Agreed Protective Order.

    (i) Protected Information includes non-public information and/or information that qualifies as a "trade secret" under either the Defend Trade Secrets Acts or the Texas Uniform Trade Secret Act[1]—

---

[1] In relying in part on the Texas Uniform Trade Secret Act to define "Protected Information," the Parties do not intend to waive any choice of law arguments that may arise.

**FIRST AMENDED AGREED PROTECTIVE ORDER – Page 1**

including, but not limited to, business, scientific, technical, economic, or engineering information, and proprietary formulas, pricing information, strategies, methods or processes of acquiring business, acquiring assets, or realizing income therefrom; sources of information regarding the producing party's core business; and/or sources of funding for the core business.

(ii) Protected Information may also include information specifically regarding the value or performance of particular assets, but only if it is material non-public information or the public disclosure of such information would threaten a competitive advantage or information advantage of the producing party.

(iii) Protected Information also includes confidential and/or sensitive personal information such as financial account information, tax returns, tax identification numbers, social security numbers, or the like.

(iv) Protected Information shall not include information or documents that have been publicly disclosed.

2. Only documents containing Protected Information may be designated "Confidential" or "Highly Confidential—Attorneys Eyes Only."

3. A document may be designated "Confidential" if it, in the good faith estimation of counsel for the producing party, contains Protected Information. Protected Information may not be publicly disseminated or disclosed by the receiving party and may be disclosed only to:

(a) the Parties and officers or employees of the Parties to whom it is necessary that the Protected Information be disclosed for purposes of the above-captioned litigation;

(b) counsel acting on behalf of the receiving party who has made any appearance in this matter and any attorneys, paralegals or other employees employed in the same law firm as said counsel;

(c) any retained experts or agents of said counsel who agree to be bound by this Agreed Protective Order and have signed the Certificate of Acknowledgement attached to this Agreed Protective Order as Exhibit A;

(d) any authors or recipients of the Confidential Protected Information;

(e) stenographers and/or videographers transcribing or otherwise documenting testimony or argument at a deposition;

(f) the Court, Court personnel and court reporters;

(g) independent third-party litigation support vendors providing graphics, design, photocopy, document imaging, document processing, translation, or database services to counsel for any Party; and

(h) mediators engaged by the Parties to assist in this litigation.

4. A document may be designated "Highly Confidential—Attorneys Eyes Only," if and only if, in the good faith estimation of counsel for the producing party, the document contains non-public current financial information and/or information that qualifies as a "trade secret" under the Defend Trade Secrets Act and/or the Texas Uniform Trade Secret Act—including, but not limited to, business, scientific, technical, economic, or engineering information, and proprietary formulas, pricing information, strategies, methods or processes of acquiring business, acquiring assets, or realizing income therefrom; sources of information regarding the producing party's core business; and/or sources of funding for the core business. A Highly Confidential document may not be publicly disseminated or disclosed by the receiving party. It may be disclosed only to:

(a) outside counsel acting on behalf of a Party who has made an appearance in this matter and any attorneys, paralegals or other employees employed in the same law firm as said counsel;

(b) any retained experts or agents of said counsel who agree to be bound by this Agreed Protective Order and have signed the Certificate of Acknowledgement attached to this Agreed Protective Order as Exhibit A (under no circumstances may any such experts or agents include the Parties' own employees or contractors, but "contractors" does not include experts retained solely for the purposes of this litigation);

(c) any authors or recipients of the Highly Confidential—Attorneys Eyes Only Protected Information;

(d) stenographers and/or videographers transcribing or otherwise documenting testimony or argument at a deposition;

(e) the Court, Court personnel and court reporters; and

(f) independent third-party litigation support vendors providing graphics, design, photocopy, document imaging, document processing, translation, or database services to counsel for any Party.

In the course of rendering legal advice, counsel for a Party may provide a high-level summary of Highly Confidential documents to the parties he/she represents, and any such summary shall be treated as "Confidential" according to Section 3 above.

5. Any qualifying documents shall be designated as Confidential or Highly Confidential—Attorneys Eyes Only by stamping the legend "Confidential" or "Highly Confidential—Attorneys Eyes Only," respectively, preferably on each page thereof, as to which

the designation is claimed. At the producing party's option, the producing party may designate a document consisting of more than five (5) pages as "Confidential" or "Highly Confidential—Attorneys Eyes Only" by affixing a cover page to the document which cover page bears the appropriate stamp designation and lists the identification number (by Bates number) of each page of the set intended to be so designated.

6. All copies of documents designated as "Confidential" or "Highly Confidential—Attorneys Eyes Only" shall again be stamped or otherwise labeled "Confidential" or "Highly Confidential—Attorneys Eyes Only," respectively, if the duplicating process by which copies of such documents are made does not reproduce the original stamp.

7. If a document is designated as Highly Confidential—Attorneys Eyes Only, it may not be disclosed to a deponent if the document could not otherwise be disclosed to the deponent under this Agreed Protective Order. The Parties can mutually agree to allow use of a document designated as Highly Confidential–Attorneys Eyes Only for the limited purpose of examination during that deposition. Any deposition transcripts or any portion thereof, including exhibits, may also be designated as Confidential or Highly Confidential—Attorneys Eyes Only by:

    (a) stating orally on the record of a deposition that certain exhibits or aspects of testimony are Confidential or Highly Confidential—Attorneys Eyes Only; and/or

    (b) sending written notice within thirty (30) days of the date of the deposition, through designations by page and line, of those portions of the transcript and/or the exhibits that the party designates as Confidential or Highly Confidential—Attorneys Eyes Only.

8. Until the thirty-day period for designation of deposition testimony as Confidential or Highly Confidential—Attorneys Eyes Only has expired, the deposition transcript shall be

treated as Confidential unless previously designated as Highly Confidential—Attorneys Eyes Only. If no such designation is made at the deposition or within the thirty-day period, the entire deposition will be considered devoid of Protected Information.

9. If a party intends to use Confidential or Highly Confidential—Attorneys Eyes Only information or documents at a hearing, it must provide at least seventy-two hours' notice to the producing party, unless such notice may not reasonably be provided under the circumstances, so that the producing party may request the Court to hold the hearing *in camera*, to exclude from the courtroom persons to whom Highly Confidential—Attorneys Eyes Only documents or information may not otherwise be disclosed under this Agreed Protective Order if such documents or information are to be used at the hearing, to seal the record of the hearing, and/or to provide other protections sought by the producing party.

10. Nothing in this Agreed Protective Order shall preclude a Party from offering into evidence at the time of trial any Confidential and Highly Confidential—Attorneys Eyes Only documents and information, subject to the rules of evidence any other Party's objections as to the admissibility or claims of confidentiality of the documents or information. Any use of Confidential and Highly Confidential—Attorneys Eyes Only documents and information shall be governed by the orders of the trial judge. **This Agreed Protective Order does not govern the use of Confidential and Highly Confidential—Attorneys Eyes Only documents and information at trial.** The Court will address the use of Protected Information during trial at another time.

11. All Protected Information produced or exchanged in the course of this case (not including information that is publicly available) shall be used by the Party or Parties to whom the information is produced solely for the purpose of this case (including preparation,

trial, and appeal). Confidential and Highly Confidential—Attorneys Eyes Only documents and information may not be used under any circumstances for prosecuting any patent application, for patent licensing, or for any other purpose.

12. Nothing in this Agreed Protective Order shall limit or restrict Counsel from providing legal and strategic advice to a client. Any Confidential or Highly Confidential—Attorneys Eyes Only document used in a deposition shall retain its protections, and any testimony revealing the substance of the document shall likewise carry the same designation as the document.

13. Any Party desiring to file any Confidential or Highly Confidential—Attorneys Eyes Only document or information with the Court shall file said document under seal. This Agreed Protective Order hereby constitutes permission to file such documents under seal pursuant to Local Rule 79.3(b). However, the Party desiring to file any Confidential or Highly Confidential—Attorneys Eyes Only document or information must still file a Motion to Seal and to give any other Party or the public the right to challenge the seal. The Party desiring to maintain the confidentiality of such material, regardless of who filed such materials, has the burden of proof to support the sealing of any the information that either Party may file pursuant to Local Rules 79.3–.4.

14. The existence of this Agreed Protective Order, the filing of the documents under seal, or the designation of the documents as Confidential or Highly Confidential—Attorneys Eyes Only shall not serve as a concession or evidence that the documents qualify for protection under Federal or Texas law, or are admissible at a hearing or trial. The Party seeking to seal any Protected Information shall have the burden of proving the basis for the Confidential and Highly Confidential—Attorneys Eyes Only designation.

15. Once approved and signed by the Parties' counsel, the Parties are to be bound by the provisions of this Agreed Protective Order as a valid agreement until the Agreed Protective Order is signed and entered by the Court. Once signed and entered, the Parties shall be bound by the provisions of this Agreed Protective Order as an order of this Court, which may be modified or amended only by a subsequent Court order.

16. In the event that a Party discovers it inadvertently has produced any Confidential or Highly Confidential—Attorneys Eyes Only documents or information that has not been designated as such in advance of production or disclosure, or otherwise determines previously produced or disclosed documents or information should be treated as Confidential or Highly Confidential—Attorneys Eyes Only, the Party may designate the documents or information as Confidential or Highly Confidential—Attorneys Eyes Only by subsequent notice to all Parties in writing. No person or Party shall incur any liability or sanction with respect to any disclosure or dissemination of documents or information occurring prior to receipt of written notice of a belated designation.

17. If any Party objects to the designation of any document as Confidential or Highly Confidential—Attorneys Eyes Only, the Party shall state the objection by letter to counsel for the Party making the designation and shall identify by Bates number of each document and/or page to which the Party objects. If the Parties are then unable to resolve the objection, the Party seeking to maintain the designation shall have fourteen (14) days from receipt of such written notice within which to move the Court for a judicial determination of whether the materials were properly designated as Confidential or Highly Confidential—Attorneys Eyes Only. Until the Court rules on any such motion, the document(s) shall continue to be deemed Confidential or Highly Confidential—Attorneys Eyes Only under the terms of this Agreed Protective Order.

Failure to seek to maintain the designation after the expiration of fourteen (14) days, waives the designation for the challenged documents or information unless the deadline is otherwise extended by the agreement of the parties or order of the Court.

18. This Agreed Protective Order shall not apply to any document or information that is available publicly, or which is a matter of public record or has been filed with any court or governmental or regulatory agency or board without confidentiality protections, or which is or becomes available by any lawful and unrestricted means. The burden of proving that the document or information was obtained from outside the discovery process in this litigation shall be upon the party receiving the information from the alleged outside source.

19. Outside of any challenge to the designation of material as Confidential or Highly Confidential—Attorneys Eyes Only, all designated documents shall be treated as such and shall be subject to the provisions hereof unless and until one of the following occurs:

    (a) the Party or non-party who claims that the material is Confidential or Highly Confidential—Attorneys Eyes Only withdraws such designation in writing; or

    (b) the Court rules the material is not Confidential or Highly Confidential—Attorneys Eyes Only.

20. Any witness or other person, firm or entity from which discovery is sought shall be considered a producing party entitled to protection under the terms of the Agreed Protective Order.

21. If, at any time, any Party other than the producing party who originally produced the Protected Information in question receives a subpoena or other compulsory process commanding production of Protected Information, the Party to whom the subpoena or request is directed shall, except where prohibited by law, reasonably provide prompt written notice to the

producing party within three (3) business days of receipt of such subpoena. The Party to whom the subpoena or request is directed shall not take any position concerning the propriety of such subpoena or request, or the discoverability of the information sought thereby, as it applies to Protected Information. It shall be the obligation of the producing party, if it chooses, to file a motion for protection or otherwise oppose or respond to such a subpoena or request. Other than the obligation to comply with the requirements stated herein, this Agreed Protective Order does not affect a Party's obligation to respond to such a subpoena or request.

22. This Court retains and shall have continuing jurisdiction over the Parties and recipients of the Protected Information for enforcement of the provisions of this Agreed Protective Order following the termination of this litigation.

23. No later than thirty (30) days after the conclusion of this case, all Confidential or Highly Confidential—Attorneys Eyes Only documents and information shall be returned to the party producing same or destroyed, unless otherwise ordered by this Court or another court of competent jurisdiction. In the event a Party elects to destroy rather than return documents or information pursuant to this Paragraph, such Party shall certify in writing within thirty days that the documents or information have been destroyed.

24. Producing or receiving Protected Information, or otherwise complying with the terms of this Agreed Protective Order, will not:

    (a) operate as an admission by any party that any particular Protected Information contains or reflects trade secrets or any other type of confidential or proprietary information;

    (b) prejudice the rights of a party to object to the production of information or material that the party does not consider to be within the scope of discovery;

(c) prejudice the rights of a party to seek a determination by the presiding judge that particular materials must be produced;

(d) prejudice the rights of a party to apply to the presiding judge for further protective orders; or

(e) prevent the relevant parties from agreeing in writing to alter or waive the provisions or protections provided for in this Agreed Protective Order with respect to any particular material or information.

25. Any party may petition the Court for good cause shown to relieve it from a term or condition of this Agreed Protective Order.

26. The attorneys signing this Agreed Protective Order have the authority to bind their respective clients to this Agreed Protective Order and do so by their signatures.

**IT IS SO ORDERED.**

Signed this the 4th day of January, 2019

_____
KAREN GREN SCHOLER
UNITED STATES DISTRICT JUDGE

## AGREED AS TO SUBSTANCE AND FORM:

*/s/ Christopher M. LaVigne*
Christopher M. LaVigne
**Counsel for ECI SOFTWARE SOLUTIONS, INC.**

*/s/ Audra L. Mayberry**
Audra L. Mayberry
**Counsel for JOHN PLYLER PLUMBING AND HARDWARE, INC.**

*/s/ Todd Shadle**
Todd Shadle
**Counsel for OLSHAN LUMBER COMPANY**

*/s/ Leiza Dolghih**
Leiza Dolghih
**Counsel for PROSPERITY COMPUTER SOLUTIONS, LLC**

*e-signed by permission

# Exhibit A

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| ECI SOFTWARE SOLUTIONS, INC., | § § § | |
| Plaintiff, | § § | |
| v. | § § | CASE NO. 3:18-cv-02758-S |
| JOHN PLYLER PLUMBING AND HARDWARE, INC.; OLSHAN LUMBER COMPANY; AND PROSPERITY COMPUTER SOLUTIONS, LLC, | § § § § § § | |
| Defendants. | § | |

### CERTIFICATE OF ACKNOWLEDGEMENT OF AGREED PROTECTIVE ORDER

I, _____, declare that I have been provided a copy of and have read the First Amended Agreed Protective Order ("Order") entered in the above-referenced action. I agree to abide by the Order and therefore agree not to reveal or otherwise communicate or disclose to any person or entity, or use, any of the documents or information designated as Confidential or Highly Confidential–Attorneys Eyes Only in the above-styled action that are disclosed to me, except in accordance with the terms of the Order. I acknowledge and understand that any violation of the Order may be punishable by contempt of Court or result in civil liability, or both, and irrevocably submit to the jurisdiction of the United States District Court of the Northern District of Texas, Dallas Division, for all matters relating to such Order. I declare that the statements made and information provided in this Certificate of Acknowledgement of Agreed Protective Order are true and correct.

My name is _____, my date of birth is _____, and my address is

**CERTIFICATE OF ACKNOWLEDGEMENT OF AGREED PROTECTIVE ORDER – Page 1**

_____.

I declare under penalty of perjury that the foregoing is true and correct.

      Executed in _____, on the _____ day of _____, 201__.

                                                     _____
                                                     Signature of Declarant