## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | |
|---|---|
| **ECI SOFTWARE SOLUTIONS, INC.,**<br>    *Plaintiff,*<br><br>**v.**<br><br>**JOHN PLYLER PLUMBING AND HARDWARE, INC.; OLSHAN LUMBER COMPANY; and PROSPERITY COMPUTER SOLUTIONS, LLC, WADE FRAZIER, GREG MATATALL, and ED BALDRIDGE,**<br>    *Defendants.* | **Civil Action No.: 3:18-cv-02758-S** |

---

### BREIF IN SUPPORT OF DEFENDANTS' MOTION TO QUASH PLAINTIFF'S DEPOSITION NOTICES OF DEFENDANTS GREG MATATALL AND ED BALDRIDGE AND MOTION FOR PROTECTIVE ORDER

---

Defendants Prosperity Computer Solutions, LLC ("Prosperity"), Wade Frazier ("Frazier"), Greg Matatall ("Matatall") and Ed Baldridge ("Baldridge") (collectively, "Defendants") file this *Brief in Support of Defendants' Motion to Quash Plaintiff's Deposition Notices of Defendants Matatall and Baldridge and Motion for Protective Order* ("Motion to Quash"). In support, Defendants show the following:

### I.  INTRODUCTION

1.      This is a trade secret lawsuit between rival software companies. And although this is a complex lawsuit, the issue before the Court is not: Should ECI be allowed to depose Matatall and Baldridge before it identifies the trade secrets it claims each Defendant misappropriated with clarity sufficient for the Defendants to defend themselves in this lawsuit at their depositions? Given ECI's broad but vague allegations in its *Second Amended Complaint*, as well as its generic, circular descriptions of its trade secrets in response to Defendants' interrogatories, Defendants, including

Matatall and Baldridge, argue that they cannot defend themselves without knowing what it is that ECI specifically claims they misappropriated. Accordingly, Defendants ask that the Court quash the currently-noticed depositions of Matatall and Baldridge set for June 18 and 19, 2019. Defendants also ask that the Court to enter a protective order further disallowing ECI from noticing the depositions until such time that ECI provides a sufficient identification of its trade secrets, as further set out in Defendants' *Motion for Order Requiring Pre-Discovery Identification of Trade Secrets*, filed contemporaneously with the *Motion to Quash*.

## II. BACKGROUND

2.     Plaintiff ECI Software Solutions, Inc. ("Plaintiff" or "ECI") filed its *Original Complaint* [ECF No. 1] in the Eastern District of Texas on August 3, 2018. After full briefing by the parties, the Eastern District of Texas ordered this lawsuit transferred to this Court on October 17, 2018. *See* [ECF No. 59]. Then, on February 8, 2019, ECI filed its *First Amended Complaint* [ECF No. 79] significantly expanding its claims, adding additional Defendants, and bringing forth additional allegations about categories of trade secrets it believed Defendants misappropriated. ECI filed a *Second Amended Complaint* on March 20, 2019 [ECF No. 92].

3.     Eight days after the parties reached an impasse at mediation on March 26, 2019, ECI requested deposition dates for Matatall and Baldridge. ECI then unilaterally noticed Matatall's and Baldridge's depositions on April 16, 2019. The same day, Defendants' counsel noted that the depositions would be "premature since ECI has not yet identified the trade secrets that it alleges each defendant has misappropriated with sufficient specificity." Defendants' counsel suggested that ECI hold off on the depositions until Defendants received ECI's responses to its interrogatories seeking identification of the alleged trade secrets. ECI refused to withdraw the deposition notices. For other reasons, however, the parties agreed to move the depositions to an agreeable date and time after ECI provided its answers to Defendants' interrogatories. Throughout the subsequent discussions

4816-6236-4824.1
**Brief in Support of Defendants' Motion to Quash Plaintiff's Deposition Notices of Defendants**                                                                                  **Page 2**
**Matatall and Baldridge and Motion for Protective Order**

regarding dates for Matatall and Baldridge, Defendants' counsel emphasized the critical importance

of having substantive interrogatory answers from ECI in order to prepare for the depositions.  And

although they provided deposition dates for Matatall and Baldridge, Defendants stressed that the

deposition dates were "contingent upon receiving substantive interrogatory answers from ECI."

Even so, ECI proceeded to notice the depositions of Matatall and Baldrige on May 24, 2019 for June

18th and June 19th.  *See* Exhibits 1 and 2.

    4.      ECI finally served its answers to Defendants' interrogatories on May 28, 2019.  As

Defendants feared, ECI identified a couple of trade secrets with particularity but failed to describe

the bulk of trade secrets instead using circular and self-serving descriptions such as "proprietary

information" related to "general ledger" or "proprietary documents" related to a certain aspect of the

software, without further explanation.  For the first time since filing the lawsuit, ECI also claimed 47

versions of a software program as a "trade secret."

    5.      Disappointed with ECI's inability to provide straightforward information about its

trade secrets—trade secrets that ECI alleges Defendants stole—Defendants' counsel reached out to

ECI's counsel, noting the futility of proceeding with discovery and depositions until ECI provided

substantive responses to discovery.   Given that it would be a waste of the parties' and Court's time

to proceed with the depositions of Matatall and Baldridge without proper interrogatory responses,

Defendants requested that ECI withdraw its deposition notices.  ECI refused.  Defendants were thus

left with no choice but to seek protection from this Court on a matter the parties should have

otherwise been able to resolve without the Court's intervention.

    6.      Since Defendants have filed their *Motion to Quash* within three business days of

service of the deposition notices, the depositions of Matatall and Baldridge are stayed pending Court

order on the *Motion to Quash* in accordance with Judge Scholer's specific requirements.

4816-6236-4824.1
**Brief in Support of Defendants' Motion to Quash Plaintiff's Deposition Notices of Defendants**           **Page 3**
**Matatall and Baldridge and Motion for Protective Order**

### III. LEGAL ARGUMENT AND AUTHORITIES

7.      FEDERAL RULE OF CIVIL PROCEDURE 26(c) provides that a "party or any person from whom discovery is sought may move for a protective order . . . to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense[.]" FED. R. CIV. P. 26(c)(1). Among other relief, RULE 26(c) allows the Court, for good cause, to specify the "terms, including time and place or the allocations of expenses, for the disclosure or discovery." FED. R. CIV. P. 26(C)(1)(B).

8.      In accordance with FEDERAL RULE OF CIVIL PROCEDURE 10(c), Defendants incorporate by reference their *Motion for Order Requiring Pre-Discovery Identification of Trade Secrets* filed contemporaneously with Defendants' *Motion to Quash*. *See* [ECF No. 108].  To the extent that it is practical—and in the interest of efficiency—Defendants' arguments and factual support are referred to from that motion rather than reproduced in full here.  For the reasons more fully described in Defendants' *Motion for Order Requiring Pre-Discovery Identification of Trade Secrets*, it is unreasonable to allow ECI to depose Matatall and Baldridge without ECI first providing Defendants with a specific identification of the trade secrets allegedly stolen.  In particular, substantive responses from ECI to Defendants' interrogatories directly guide the scope of discovery in this lawsuit and allow Defendants to defend themselves against ECI's allegations.  Without substantive responses from ECI, Defendants are left to guess at what they allegedly stole and will be put in the dark about how to prepare for their depositions.

### IV. REQUESTED RELIEF

9.      Defendants request that the Court quash ECI's deposition notices for Matatall and Baldridge, currently set for June 18 and 19, 2019. *See* Exhibits 1 and 2.  Defendants further request that the Court enter the accompanying protective order that prohibits ECI from noticing the depositions of Matatall and Baldridge until such time that ECI has specifically identified its trade

4816-6236-4824.1
Brief in Support of Defendants' Motion to Quash Plaintiff's Deposition Notices of Defendants          Page 4
Matatall and Baldridge and Motion for Protective Order

secrets (as will be more comprehensively detailed in the proposed order submitted with Defendants' *Motion for Order Requiring Pre-Discovery Identification of Trade Secrets*).  Defendants' requested relief is fair, aimed at efficacy, and reasonable given the serious nature of ECI's allegations in its *Second Amended Complaint*.

## V.  CONCLUSION

Based on the foregoing reasons, Defendants pray that the Court grants their *Motion to Quash* and quashes ECI's deposition notices for Matatall and Baldridge; issues a protective order that disallows the depositions of Matatall and Baldridge until ECI provides substantive interrogatory responses that describes its allegedly-stolen trade secrets with sufficient specificity; and grants any further relief to which the Court finds Defendants is justly entitled.

Respectfully submitted,

By:
Elisaveta Dolghih
State Bar No. 24043355
Brent Sedge
State Bar No. 24082120
**LEWIS, BRISBOIS, BISGAARD, & SMITH, LLP**
2100 Ross Avenue, Suite 2000
Dallas, Texas 75201
Telephone: (214) 722-7108
Facsimile: (214) 722-7111
Leiza.Dolghih@lewisbrisbois.com
Brent.Sedge@lewisbrisbois.com

**ATTORNEYS FOR DEFENDANTS**

4816-6236-4824.1
**Brief in Support of Defendants' Motion to Quash Plaintiff's Deposition Notices of Defendants**                                    **Page 5**
**Matatall and Baldridge and Motion for Protective Order**

## <u>CERTIFICATE OF CONFERENCE</u>

I certify that I conferred with counsel for Plaintiff via email on May 30, 2019, regarding the relief sought by the *Motion to Quash*.  Plaintiff's counsel indicated that Plaintiff is opposed to the relief sought.

*/s/ Elisaveta Dolghih*
Elisaveta Dolghih

## <u>CERTIFICATE OF SERVICE</u>

I certify that the foregoing document was served on all parties *via CM/ECF* on May 30, 2019.

*/s/ Elisaveta Dolghih*
Elisaveta Dolghih

4816-6236-4824.1
**Brief in Support of Defendants' Motion to Quash Plaintiff's Deposition Notices of Defendants**            **Page 6**
**Matatall and Baldridge and Motion for Protective Order**