**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **ECI SOFTWARE SOLUTIONS, INC.,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | |
| | § | |
| **JOHN PLYLER PLUMBING AND** | § | **CASE NO. 3:18-cv-02758-S** |
| **HARDWARE, INC.; OLSHAN LUMBER** | § | |
| **COMPANY; PROSPERITY COMPUTER** | § | |
| **SOLUTIONS, LLC; GREG MATATALL;** | § | |
| **WADE FRAZIER; AND ED BALDRIDGE,** | § | |
| | § | |
| **Defendants.** | § | |

---

**PLAINTIFF'S RESPONSE AND BRIEF IN OPPOSITION TO DEFENDANTS'
MOTION TO QUASH PLAINTIFF'S DEPOSITION NOTICES OF DEFENDANTS
GREG MATATALL AND ED BALDRIDGE AND MOTION FOR PROTECTIVE
ORDER**

---

Christopher M. LaVigne
Texas Bar No. 24026984
lavignec@gtlaw.com
P. William Stark
Texas Bar No. 24046902
starkb@gtlaw.com
**GREENBERG TRAURIG LLP**
2200 Ross Avenue, Suite 5200
Dallas, Texas 75201
Telephone: (214) 665-3600
Facsimile:  (214) 665-3601

Kurt A. Kappes
California Bar No. 146384
kappesk@gtlaw.com
**GREENBERG TRAURIG LLP**
1201 K Street, Suite 1100
Sacramento, CA 95814
Telephone: (916) 442-1111
Facsimile:  (916) 448-1709

Mary-Olga Lovett
State Bar No. 00789289
lovettm@gtlaw.com
Rene Trevino
State Bar No. 24051447
trevinor@gtlaw.com
**GREENBERG TRAURIG LLP**
1000 Louisiana, Suite 1700
Houston, Texas 77002
Telephone:  (713) 374-3500
Facsimile:  (713) 374-3505

**ATTORNEYS FOR PLAINTIFF
ECI SOFTWARE SOLUTIONS, INC**

---

**PLAINTIFF'S RESPONSE AND BRIEF IN OPPOSITION TO DEFENDANTS' MOTION TO QUASH
DEPOSITION NOTICES AND MOTION FOR PROTECTIVE ORDER**

*ACTIVE 43706398v4*

## TABLE OF CONTENTS

I.      INTRODUCTION ........................................................................................................ 1

II.     BACKGROUND ......................................................................................................... 4

III.    APPLICABLE LEGAL STANDARD ....................................................................... 9

IV.     ARGUMENTS AND AUTHORITIES ..................................................................... 10

        A.  Defendants Failed to Meet and Confer before Filing Their Discovery Motion. ........ 11

        B.  Defendants Agreed to Produce the Witnesses. ......................................................... 14

        C.  Defendants Cannot Justify a Protective Order Shielding Matatall and Baldridge from Their Depositions. ........................................................................................................ 15

V.      CONCLUSION ......................................................................................................... 17

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO QUASH DEPOSITION NOTICES AND MOTION FOR PROTECTIVE ORDER** – **Page ii**

*ACTIVE 43706398v4*

# TABLE OF AUTHORITIES

**Cases**

*Cornelius v. Eberstein & Witherite, LLP*,
   No. 3:13-cv-3886-P, 2014 U.S. Dist. LEXIS 132751 (N.D. Tex. Sep. 19, 2014).................... 16

*Dondi Properties Corp. v. Commerce Savs. & Loan Ass'n*,
   121 F.R.D. 284 (N.D. Tex. 1988) (en banc) ........................................................................... 10

*Garmin Ltd. v. TomTom, Inc.*,
   No. 2:06-CV-338, 2007 U.S. Dist. LEXIS 74032, at *23 (E.D. Tex. Oct. 3, 2007) ............... 16

*Heller v. City of Dallas*,
   303 F.R.D. 466 (N.D. Tex. 2014) .......................................................................................... 16

*In re Terra Int'l*,
   134 F.3d 302 (5th Cir. 1998) (per curiam).............................................................................. 9

*Landry v. Air Line Pilots Ass'n*,
   901 F.2d 404, 435 (5th Cir. 1990) .......................................................................................... 9

*McBride v. Hobby Lobby Stores, Inc.*,
   No. SA-18-CV-00197-XR, 2018 U.S. Dist. LEXIS 171662 (S.D. Tex. Oct. 4, 2018) ........... 10

*Parrish v. Premier Directional Drilling, L.P.*,
   No. SA-16-CA-00417-DAE, 2017 U.S. Dist. LEXIS 191697 (W.D. Tex. May 8, 2017) ......... 1

*Polydyne Software, Inc. v. Celestica Int'l, Inc.*,
   No. A-14-CV-979-LY, 2014 U.S. Dist. LEXIS 188703 (W.D. Tex. Dec. 31, 2014) ............... 2

*S. Filter Media, LLC v. Halter*,
   No. 13-116-JJB-RLB, 2014 U.S. Dist. LEXIS 22752 (M.D. La. Feb. 21, 2014).................... 16


**Rules**

FED. R. CIV. P. 26(c)(1)(A) .......................................................................................................... 9

FED. R. CIV. P. 26(d)(3) ............................................................................................................... 1

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO QUASH DEPOSITION NOTICES AND MOTION FOR PROTECTIVE ORDER – Page iii**

*ACTIVE 43706398v4*

Plaintiff ECI Software Solutions, Inc. ("ECI") hereby responds in opposition to Defendants' Motion to Quash Plaintiff's Deposition Notices of Defendants Greg Matatall and Ed Baldridge and Motion for Protective Order (the "Motion") [Dkt. 108].[1] In support thereof, ECI states as follows:

## I.  INTRODUCTION

After agreeing to produce Matatall and Baldridge for their depositions, Defendants now look to unilaterally suspend them along with all other fact discovery by ECI in this case, unless and until ECI provides written discovery responses to Defendants' subjective satisfaction. No authority permits Defendants' obstruction of discovery in this way, and Defendants should not be allowed to hold discovery hostage. Indeed, the Court previously declined to grant Defendants the same relief they seek by their Motion.

Rule 26 allows discovery to occur "in any sequence." FED. R. CIV. P. 26(d)(3). ECI is not required to wait until Defendants unilaterally and subjectively decide they are ready to participate in discovery before conducting depositions. If Defendants are dissatisfied with ECI's written discovery responses, their proper remedy is a motion to compel, not a refusal to appear for fact witness depositions. *See Parrish v. Premier Directional Drilling, L.P.*, No. SA-16-CA-00417-DAE, 2017 U.S. Dist. LEXIS 191697, at *4 (W.D. Tex. May 8, 2017) ("A party's recourse when discovery is not produced is to file a motion to compel; a party cannot withhold discovery for any reason as doing so subverts the discovery process and undermines the Court's authority.").

---

[1]  Although Defendants Prosperity Computer Solutions, LLC ("Prosperity"), Wade Frazier ("Frazier"), Greg Matatall ("Matatall"), and Ed Baldridge ("Baldridge") (collectively, "Defendants") purport to submit two motions, a motion to quash and a motion for a protective order, Defendants seek just one form of relief. The two motions are collectively referred to herein as the "Motion."

**PLAINTIFF'S RESPONSE AND BRIEF IN OPPOSITION TO DEFENDANTS' MOTION TO QUASH DEPOSITION NOTICES AND MOTION FOR PROTECTIVE ORDER** – Page 1

*ACTIVE 43706398v4*

Even assuming a legal basis existed to support Defendants' gamesmanship, and there is none, Defendants have not shown "that ordinary discovery procedures will prove inadequate to the task in this case." *Polydyne Software, Inc. v. Celestica Int'l, Inc.*, No. A-14-CV-979-LY, 2014 U.S. Dist. LEXIS 188703, at *7 (W.D. Tex. Dec. 31, 2014). ECI has identified its trade secrets with "reasonable particularity." Defendants' claim that ECI's identification of its trade secrets is so deficient that they are "in the dark about how to prepare for their depositions," [Dkt. 109 at 4], is beyond the pale. Requiring ECI to further identify its trade secrets before it can engage in fact discovery (Defendants demand "precision and specificity" in their interrogatories) would exceed any standard that could be expected of a trade-secrets plaintiff at this stage.

Defendants' claim of ignorance is disingenuous. ECI has been engaged in a game of "whack-a-mole" with Defendants for years, and this case is just the latest in a string of trade-secret litigation involving Prosperity, its owner Matatall, and various of Matatall's associates and family members.[2] With that, Prosperity, Matatall, and Frazier are already parties to a settlement agreement with ECI, in which, among other things, Prosperity, Matatall, and Frazier each agreed that Prosperity and its affiliates, Matatall, and Frazier "shall never use any of ECI's **Trade Secrets** for any purposes whatsoever." [Dkt. 3 at 6; 3-1 at 96 (emphasis added).][3] Baldridge is similarly party to a settlement agreement with ECI. This is not a situation in which the defendant has no idea of what trade secrets were misappropriated—to the contrary, Defendants know exactly what trade secrets are at issue. Similarly, this is not an instance in which a theft victim

---

[2]    *See ECI Software Solutions, Inc. v. Prosperity Computer Solutions, LLC, Greg Matatall, and Wade Frazier*, No. 2:16-cv-821 (E.D. Tex.); *ECI Software Solutions, Inc. v. Prosperity Computer Solutions, et al.*, No. 12-16-00194-CV (Tex. App.—Tyler); *Prosperity Computer Solutions, LLC, et al. v. E Commerce Industries, Inc.*, No. 16-00320 (115th Dist. Ct., Upshur County, Tex.); *ECI Software Solutions, Inc. v. Baldridge*, No. 01-16-0003-5247 (Am. Arbitration Ass'n); *ECI Software Solutions, Inc. v. Ellison, et al.*, No. 01-16-0002-4224 (Am. Arbitration Ass'n).

[3]    This settlement agreement was filed under seal in conjunction with ECI's Application for Temporary Restraining Order, filed on August 3, 2018. [Dkt. 3.]

**PLAINTIFF'S RESPONSE AND BRIEF IN OPPOSITION TO DEFENDANTS' MOTION TO QUASH DEPOSITION NOTICES AND MOTION FOR PROTECTIVE ORDER – Page 2**

knows precisely what has been stolen because a particular "thing" is now missing. Defendants accessed ECI's software without authorization, and they copied data. ECI cannot know every trade secret that each Defendant misappropriated. In part, that is why these depositions are necessary.

Based on dates that Defendants' counsel provided, ECI noticed depositions of Defendants Matatall and Baldridge to occur in late June 2019, nearly eight months after this action was initially filed and on the dates that Defendants' counsel provided to counsel for ECI. These witnesses are intimately familiar with the software at issue. Matatall is the primary designer and architect of the subject software; Baldridge is a former ECI employee who has admitted to misappropriating ECI's trade secrets. Yet, Matatall and Baldridge now refuse to appear for their depositions because, they contend, ECI has "refus[ed] to identify its trade secrets with particularity." [Dkt. 109 at 5.] They claim to be completely unable to even prepare for their depositions. This argument is absurd. Not only do Matatall and Baldridge understand the trade secrets at issue, but whether they know the exact contours of the trade secrets is irrelevant to whether they can testify about their involvement in the misappropriation of ECI's intellectual property. Defendants cannot use their subjective and conclusory dissatisfaction with ECI's discovery responses as a pretext to unilaterally refuse to appear for depositions.

The Court has entered a Scheduling Order. Deadlines are fast approaching. Plaintiff's expert witness designations are due in about three and a half months; discovery closes in about six.[4] Defendants failed to meaningfully confer with Plaintiff before filing their Motion and have not shown good cause for a protective order, as they have not shown that they will suffer

---

[4]   Although the Scheduling order [Dkt. 75] set August 2, 2019 as the deadline for disclosure of experts by the party with the burden of proof and November 22, 2019 as the close of discovery, the parties have extended these and other deadlines by agreement.

**PLAINTIFF'S RESPONSE AND BRIEF IN OPPOSITION TO DEFENDANTS' MOTION TO QUASH DEPOSITION NOTICES AND MOTION FOR PROTECTIVE ORDER** – Page 3

"annoyance, embarrassment, oppression, or undue burden or expense" in being deposed. Fed. R. Civ. P. 26(c)(1)(A). Their Motion to Quash and Motion for Protective Order should be denied.

## II.    BACKGROUND

This action commenced when ECI filed its initial Complaint on August 8, 2018.[5] The thrust of the Complaint is this: ECI bought the assets of Advantage Business Computer Solutions, Ltd. ("ABC") from a group of individuals led by Matatall. ABC's key asset was software called "Advantage," which Matatall designed, developed, and architected. The Advantage software is licensed to customers around the world. After the asset purchase, Matatall and many of his family and friends went to work for ECI. But when ECI later terminated his employment, Matatall, together with Frazier (Matatall's son-in-law), formed a competitor business, Prosperity, and, with the assistance of other former ECI employees, including Baldridge, misappropriated ECI's trade secrets to allow Prosperity to compete with and, ultimately, destroy the Advantage software. Matatall also convinced ECI customers, including John Plyler Plumbing and Hardware, Inc. ("Plyler") and Olshan Lumber Company ("Olshan"), to leave ECI but continue using the Advantage software in violation of their license agreements and by using ECI's proprietary code, known as the AMP Command, that controls access to the software. [*See generally* Dkt. 92.] This is the latest litigation that ECI has had to bring against Matatall and his co-conspirators to prevent them from misappropriating ECI's trade secrets.

After ECI filed its Complaint and sought a temporary restraining order, the Court entered an Agreed Preliminary Injunction on September 12, 2018, wherein the Court enjoined Defendants from using the Advantage software and from using or disclosing the "AMP

---

[5]    This action was initially filed in the Eastern District of Texas. The case was transferred to the Northern District on September 20, 2018. [Dkt. 57.]

**PLAINTIFF'S RESPONSE AND BRIEF IN OPPOSITION TO DEFENDANTS' MOTION TO QUASH DEPOSITION NOTICES AND MOTION FOR PROTECTIVE ORDER** – Page 4

Command" related to the Advantage software. [Dkt. 49.] ECI later filed its First Amended Complaint on February 11, 2019, and its Second Amended Complaint on March 20, 2019.

This is the first time that Defendants have claimed confusion. Defendants did not object to the preliminary injunction on any vagueness grounds. They have never complained that they misunderstood the Court's order or that they were unaware of what the Court's order prohibited them from doing. Nor have Defendants challenged the sufficiency of any of ECI's three separate pleadings under Rule 12(b) or moved for a more definite statement under Rule 12(e).

Discovery—required to be completed by December 20, 2019—is underway. [Dkt. 75.][6] The parties have exchanged written discovery requests. Although ECI has tried to obtain deposition discovery, Defendants have obstructed ECI's efforts. On April 4, 2019, ECI requested dates in late-April and early-May for Matatall's and Baldrige's depositions.[7] Defendants did not respond and, on April 11, 2019, ECI followed up.[8] Having received no response from Defendants, on April 16, 2019, ECI noticed Matatall's and Baldrige's depositions for May 13, 2019 and May 14, 2019, respectively. Counsel for Defendants responded, expressing her preference that the depositions be held after Defendants "have received ECI's answers to the interrogatories and have had time to review them, at which point, we will make Mr. Matatall and Mr. Baldridge available for depositions."[9] ECI replied, emphasizing the importance of deposing Matatall and Baldridge quickly to both preserve their testimony and to meet rapidly approaching discovery deadlines:

---

[6]   Although the Scheduling order [Dkt. 75] set November 22, 2019 as the close of discovery, the parties have extended this deadline (and others) by agreement.

[7]   *See* Declaration of P. William Stark ("Stark Dec.") ¶ 3 (App. 001) & Ex. A-1 (App. 006).

[8]   *See* Stark Dec. ¶ 3 (App. 001) & Ex. A-1 (App. 006).

[9]   *See* Stark Dec. ¶ 5 (App. 002) & Ex. A-2 (App. 008).

**PLAINTIFF'S RESPONSE AND BRIEF IN OPPOSITION TO DEFENDANTS' MOTION TO QUASH DEPOSITION NOTICES AND MOTION FOR PROTECTIVE ORDER** – **Page 5**

Thank you for your email. We learned at mediation that Mr. Matatall did not attend mediation due to his failing health. Although Mr. Baldridge also failed to attend mediation, we were not given a reason for his failure to attend and can only assume that his health is likewise failing. As such, it is critical that we preserve these witnesses' testimony in the unfortunate event that they are unavailable for trial. Also, given the rapidly approaching deadlines, it is imperative that the parties conduct discovery quickly. Neither Mr. Matatall nor Mr. Baldridge challenged the sufficiency of ECI's pleadings, and the rules do not require us to wait to take depositions until after we have responded to discovery.

If the particular dates noticed for Messrs. Matatall and Baldridge conflict with their medical treatment, we are, of course, happy to work around such care, but we cannot agree to push their depositions off until some undetermined future dates. I trust you understand.[10]

On April 30, 2019, ECI requested a three-week extension to answer Defendants' interrogatories.[11] Defendants responded that they would agree to the extension if ECI would agree to a reciprocal extension of Prosperity's interrogatory answers and "agree to move Mr. Matatall and Mr. Baldridge's depositions until after ECI has provided the interrogatory responses."[12] On May 1, 2019, ECI agreed to the reciprocal extension for Prosperity's interrogatory answers and agreed to move Matatall's and Baldridge's depositions to "shortly after ECI has answered Defendants' interrogatories" and requested "to that end, please provide us with dates in the first two weeks in June when Messrs. Matatall and Baldridge are available so we can re-notice their depositions."[13] On May 2, 2019, counsel for Defendants' stated that she was "working on getting the deposition dates[.]"[14] On May 8, 2019, ECI responded, "Following up on deposition dates for Matatall and Baldridge. Please provide us with dates in first two

---

[10]   *See id.*

[11]   *See* Stark Dec. ⁋ 6 (App. 002) & Ex. A-3 (App. 015).

[12]   *See id.* (App. 014).

[13]   *See* Stark Dec. ⁋ 7 (App. 002) & Ex. A-3 (App. 014).

[14]   *See* Stark Dec. ⁋ 8 (App. 003) & Ex. A-3 (App. 013).

**PLAINTIFF'S RESPONSE AND BRIEF IN OPPOSITION TO DEFENDANTS' MOTION TO QUASH DEPOSITION NOTICES AND MOTION FOR PROTECTIVE ORDER** – Page 6

*ACTIVE 43706398v4*

weeks in June when they are available so that we can re-notice their depositions upon agreed dates rather than being forced to select dates unilaterally."[15]

Rather than providing dates for Matatall's and Baldridge's depositions, counsel for Defendants replied, "[W]e need to wait on the deposition dates until ECI's discovery responses are in" and "[w]e need to receive ECI's answers to those interrogatories before we can agree on deposition dates."[16] ECI responded:

> **That was not the agreement**. We agreed to move Messrs. Matatall's and Baldridge's depositions to shortly after ECI has answered Defendants' interrogatories. We requested dates in the first two weeks in June and you responded that you were "working on getting the deposition dates for you."
>
> The interrogatory answers are now due May 28, so depositions in the first two weeks in June provides ample time for you to digest them [and] prepare for the depositions and, I believe, provides as much, if not more, time between the answers and the depositions than before. Neither Mr. Matatall nor Mr. Baldridge challenged ECI's complaints as insufficiently pleaded or otherwise defective and the rules do not require us to provide you with interrogatory answers and then wait until you have decided to offer your clients for their depositions.
>
> Please provide us with depositions dates today. Otherwise, we will be forced to notice Messrs. Matatall's and Baldridge's depositions for dates selected unilaterally.[17]

Although Defendants' counsel claimed that she was "not going back on the agreement,"[18] she did precisely that. She offered Matatall and Baldridge for depositions on dates in late-June with the unilateral "clarification" that "the scheduling of the defendants' depositions is contingent upon receiving substantive interrogatory answers from ECI."[19] ECI responded that "[r]escheduling the depositions 'contingent upon receiving substantive interrogatory answers

---

[15]   *See* Stark Dec. ¶ 9 (App. 003) & Ex. A-3 (App. 013).

[16]   *See id.*

[17]   *See id.* (App. 012) (emphasis supplied).

[18]   *See id.* (App. 011-012).

[19]   *See id.* (App. 011).

**PLAINTIFF'S RESPONSE AND BRIEF IN OPPOSITION TO DEFENDANTS' MOTION TO QUASH DEPOSITION NOTICES AND MOTION FOR PROTECTIVE ORDER** – Page 7

*ACTIVE 43706398v4*

from ECI' (or contingent upon anything else) was never part of the agreement. To the contrary, the agreement was 'to move Messrs. Matatall's and Baldridge's depositions to shortly after ECI has answered Defendants' interrogatories.'"[20]

On May 13, 2019, ECI served amended notices for Matatall's and Baldridge's depositions, rescheduling the depositions for June 18 and 19, respectively, the dates that Defendants proposed. ECI served its objections and answers to Defendants' interrogatories on May 28, 2019. Among their requests, Defendants' interrogatories asked ECI to "[i]dentify with precision and specificity each and every trade secret that ECI alleges Prosperity misappropriated from ECI." ECI responded by identifying seven separate trade secrets accompanied by a detailed narrative for each one: "AMP Code"; "Superuser Login"; "Trade Secrets in the Source Code & Business Logic"; "Trade Secrets in the Customer Files"; "Trade Secrets in E-mail Data"; "Trade Secrets in the ECI Laptop Data"; and "Trade Secrets in the Stolen Drive Information." [Dkt. 111-1 through 111-4.]

On May 30, 2019, counsel for Defendants sent an email at 9:18 a.m., expressing her displeasure with ECI's interrogatory answers and demanding, "Please let me know if you will withdraw the deposition notices for Mr. Matatall and Mr. Baldridge currently set for June 18 and 19 by 4 pm today."[21] Defendants' counsel also informed ECI that Defendants "intend to file a motion to require ECI to identify trade secrets" and issued the same 4 p.m. response deadline.[22] At 3:23 p.m. on May 30, ECI's counsel responded with questions over Defendants' concerns and a request to meet and confer the next day. He stated, "I am out of the office—are you available to

---

[20]   *See id.*

[21]   *See* Stark Dec. ¶ 12 (App. 003) & Ex. A-4 (App. 018).

[22]   *See id.*

**PLAINTIFF'S RESPONSE AND BRIEF IN OPPOSITION TO DEFENDANTS' MOTION TO QUASH DEPOSITION NOTICES AND MOTION FOR PROTECTIVE ORDER** – Page 8

*ACTIVE 43706398v4*

talk tomorrow? I am generally available for a call any time before 4 pm tomorrow."[23] Six minutes later, Defendants' counsel responded, "If you wish to discuss this further, I will be happy to do so and see if we can resolve this issue. Right now, however, you have noticed my clients' depositions for June 18th and June 19th. Will you withdrawing [sic] their deposition notices until we have worked out issues related to ECI's identification of trade secrets?"[24] Just over an hour later and without any further conference, at 4:45 p.m., Defendants filed their Motion.

### III.      APPLICABLE LEGAL STANDARD

A party is entitled to obtain discovery about any relevant, nonprivileged matter. *See* FED. R. CIV. P. 26(b)(1). A party resisting discovery bears the burden of showing that there is good cause for the Court to "issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." FED. R. CIV. P. 26(c)(1)(A); *see also Landry v. Air Line Pilots Ass'n*, 901 F.2d 404, 435 (5th Cir. 1990). "[T]he burden is upon [the party seeking the protective order] to show the necessity of its issuance, which contemplates a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements." *In re Terra Int'l*, 134 F.3d 302, 306 (5th Cir. 1998) (per curiam) (internal quotations omitted). The moving party must show "that specific prejudice or harm will result if no protective order is granted." *McBride v. Hobby Lobby Stores, Inc.*, No. SA-18-CV-00197-XR, 2018 U.S. Dist. LEXIS 171662, at *5 (S.D. Tex. Oct. 4, 2018) (citing *EEOC v. BDO USA, L.L.P.*, 876 F.3d 690, 698 (5th Cir. 2017)).

---

[23]    *See id.*

[24]    *See id.* (App. 017).

**PLAINTIFF'S RESPONSE AND BRIEF IN OPPOSITION TO DEFENDANTS' MOTION TO QUASH DEPOSITION NOTICES AND MOTION FOR PROTECTIVE ORDER** – Page 9

*ACTIVE 43706398v4*

IV.     **ARGUMENTS AND AUTHORITIES**

Defendants' Motion should be denied because it lacks the showing required for a protective order. Procedurally, Defendants failed to meaningfully meet and confer with ECI's counsel before filing their Motion, as required by Federal Rule 26, Local Civil Rule 7.1, and this Court's specific procedures. Instead, Defendants' counsel e-mailed an ultimatum to ECI's counsel just after 9 a.m. on May 30, demanding a response by 4 p.m. that afternoon. ECI's counsel responded and said that he was out of the office but would be available for a telephone conference the following day. Yet, Defendants filed their discovery motion just over an hour later without picking up the phone. This does not comply with the letter or the spirit of the ubiquitous meet-and-confer requirement. *See, e.g.*, *Dondi Properties Corp. v. Commerce Savs. & Loan Ass'n*, 121 F.R.D. 284 (N.D. Tex. 1988) (en banc).

Substantively, Defendants cannot unilaterally stay their depositions simply because they want ECI to give different answers to written discovery requests. Defendants' Motion does not challenge the notices of deposition for inconvenience or improper scope (the dates were selected by Defendants). Defendants do not claim that the depositions themselves are somehow improper. Instead, Defendants argue only that Matatall and Baldridge should not have to sit for their depositions because Defendants are "[d]isappointed" with ECI's interrogatory answers and it would allegedly be a "waste of the parties' and Court's time to proceed with the depositions of Matatall and Baldridge without proper interrogatory responses[.]" [Dkt. 109 at 3.] In other words, Defendants contend that they cannot be deposed unless or until they receive discovery responses from ECI that meet their unilateral and subjective satisfaction. That is not the law.

Rule 26 does not require discovery to be conducted in any particular sequence. Completion of written discovery is not a prerequisite to depositions, and vice versa. One party

**PLAINTIFF'S RESPONSE AND BRIEF IN OPPOSITION TO DEFENDANTS' MOTION TO QUASH DEPOSITION NOTICES AND MOTION FOR PROTECTIVE ORDER** – Page 10

*ACTIVE 43706398v4*

does not have to complete its document production before another party can be deposed. And the facts do not justify deviation from this procedure here. Defendants know the trade secrets at issue from their personal experience developing them, their time spent working at ECI, and their extensive prior litigation with ECI. On top of that, ECI has further identified and described those trade secrets with reasonable particularity in its pleadings and in its answers to Defendants' interrogatories. For them to feign confusion belies logic.

Tellingly, Defendants have not specifically identified how ECI's responses are allegedly deficient or what further clarity they somehow need before they can prepare for depositions. Instead, Defendants rest entirely on conclusory allegations that the information ECI provided is just not enough. They cite cases in which additional identification of trade secrets was required and then—without explanation or analysis—argue, "So too here." That is not sufficient justification for Defendants to avoid their depositions. Defendants are not expert witnesses on trade secret issues. They are fact witnesses who, ECI alleges, engaged in a scheme to misappropriate trade secrets. Bank robbers do not need to be told the parameters of the federal monetary policy before they can be asked about their role in robbing the bank. Defining the contours of what is a trade secret is not necessary for Matatall and Baldridge to answer questions about their participation in Defendants' tortious scheme.

## A.  Defendants Failed to Meet and Confer before Filing Their Discovery Motion.

Procedurally, although Defendants' Motion contains a certificate of conference, their counsel did not make a good-faith effort to engage in a meaningful, substantive conference with ECI's counsel before filing their Motion. Rule 26(c)(1) requires that a motion for a protective order "must include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action." FED. R.

**PLAINTIFF'S RESPONSE AND BRIEF IN OPPOSITION TO DEFENDANTS' MOTION TO QUASH DEPOSITION NOTICES AND MOTION FOR PROTECTIVE ORDER** – Page 11

*ACTIVE 43706398v4*

CIV. P. 26(c)(1). The Northern District's Local Rule 7.1.b. further requires that the certificate of conference "must state that a conference was held, indicate the date of conference and the identities of the attorneys conferring, and explain why agreement could not be reached." Moreover, the Court's "Judge Specific Requirements" provide, "Seeking relief from the Court on discovery disputes prior to conducting a meaningful, substantive conference with the opposing party is strongly discouraged." Defendants' certification lacks these substantive elements.[25]

Defendants' efforts to meet and confer with ECI's counsel were cursory, at best. Defendants' counsel emailed ECI's counsel at 9:18 a.m. on May 30, 2019, with this immediate mandate: "Please let me know if you will withdraw the deposition notices for Mr. Matatall and Mr. Baldridge currently set for June 18 and 19 by 4 pm today. Additionally, we intend to file a motion to require ECI to identify trade secrets. Please let me know if you oppose by 4 pm today. Please call me before 4 pm if you would like to discuss these issues."[26] At 3:23 p.m. that day, ECI's counsel responded with questions over Defendants' concerns and a request to meet and confer the next day.[27] To that end, he stated, "I am out of the office—are you available to talk tomorrow? I am generally available for a call any time before 4 pm tomorrow."[28] Six minutes later, Defendants' counsel responded and said, "If you wish to discuss this further, I will be happy to do so and see if we can resolve this issue. Right now, however, you have noticed my clients' depositions for June 18th and June 19th. Will you withdrawing [sic] their deposition

---

[25] Defendants' certification in their Motion and Brief in Support simply states, "I certify that I conferred with counsel for Plaintiff via email on May 30, 2019, regarding the relief sought by the Motion to Quash. Plaintiff's counsel indicated that Plaintiff is opposed to the relief sought." [Dkt. 108 at 2; 109 at 6.] The certifications say nothing about the Motion for Protective Order.

[26] *See* Stark Dec. ₽ 12 (App. 003) & Ex. A-4 (App. 018).

[27] *See id.*

[28] *See id.* (App. 017).

**PLAINTIFF'S RESPONSE AND BRIEF IN OPPOSITION TO DEFENDANTS' MOTION TO QUASH DEPOSITION NOTICES AND MOTION FOR PROTECTIVE ORDER – Page 12**

notices until we have worked out issues related to ECI's identification of trade secrets?"[29] Just

over an hour later, at 4:45 p.m., Defendants filed their Motion.

Defendants can hardly claim that this terse e-mail exchange constituted a good-faith

attempt to resolve these issues without court involvement. Defendants' counsel arbitrarily

demanded that ECI withdraw its deposition notices within seven hours of sending an email.

ECI's counsel explained that he was out of the office and was not available to discuss

Defendants' issues before the 4 p.m. deadline, but offered times when he was available the very

next day. Rather than discuss a time to meet and confer, Defendants' counsel simply filed

Defendants' discovery Motions without even picking up the phone.

Further, although Defendants' certificate of conference represents that "Plaintiff's

counsel indicated that Plaintiff is opposed to the relief sought," Plaintiff's counsel did not

indicate that Plaintiff was opposed. Instead, ECI's counsel requested that Defendants

meaningfully and substantively confer so that Plaintiff would respond:

> Thank you for your email. I do not understand your concerns, particularly since
> ECI worked diligently to provide fairly lengthy and detailed answers. To that end,
> ***it would be helpful if you could explain the alleged defects that you believe exist
> in ECI's interrogatory answers in a meaningful way so that we can properly
> respond and confer in advance of your threatened motion***. I am out of the
> office—are you available to talk tomorrow? I am generally available for a call any
> time before 4pm tomorrow.[30]

Defendants failed to comply with the letter or spirit of the Federal Rules, the Northern District's

Local Rules, or this Court's Requirements. The Motion should be denied for Defendants' failure

to comply with the fundamental meet-and-confer requirements.

---

[29]    *See id.*

[30]    *See id.* (App. 018) (emphasis added).

**PLAINTIFF'S RESPONSE AND BRIEF IN OPPOSITION TO DEFENDANTS' MOTION TO QUASH
DEPOSITION NOTICES AND MOTION FOR PROTECTIVE ORDER – Page 13**

**B.      Defendants Agreed to Produce the Witnesses.**

On April 16, 2019, ECI originally noticed Matatall's and Baldridge's depositions for May 13, 2019 and May 14, 2019, respectively. Because Defendants did not move to quash either deposition within three business days of the notices, the depositions could only be stayed by Court order or agreement of the parties.

On April 30, 2019, ECI requested a three-week extension to answer Defendants' interrogatories, and Defendants responded that they would agree to the extension if ECI would agree, among other things, "to move Mr. Matatall and Mr. Baldridge's depositions until after ECI has provided the interrogatory responses."[31] On May 1, 2019, ECI agreed to Defendants' proposal and agreed to move Matatall's and Baldridge's depositions to "shortly after ECI has answered Defendants' interrogatories."[32] Notably, the parties agreement did not include any contingency for Defendants' satisfaction with ECI's interrogatory answers.

Having agreed to pass on the original deposition dates, ECI requested that Defendants "provide us with dates in the first two weeks in June when Messrs. Matatall and Baldridge are available so we can re-notice their depositions."[33] Counsel for Defendants' represented that she was "working on getting the deposition dates[.]"[34] Despite her representation and the parties' agreement, on May 13, 2019, counsel for Defendants' unilaterally, announced, "we need to wait on the deposition dates until ECI's discovery responses are in" and "[w]e need to receive ECI's answers to those interrogatories before we can agree on deposition dates."[35] Although ECI

---

[31]   *See* Stark Dec. ¶ 6 (App. 002) & Ex. A-3 (App. 014).

[32]   *See* Stark Dec. ¶ 7 (App. 002) & Ex. A-3 (App. 014).

[33]   *See id.*

[34]   *See* Stark Dec. ¶ 8 (App. 003) & Ex. A-3 (App. 013).

[35]   *See* Stark Dec. ¶ 7 (App. 002) & Ex. A-3 (App. 013).

**PLAINTIFF'S RESPONSE AND BRIEF IN OPPOSITION TO DEFENDANTS' MOTION TO QUASH DEPOSITION NOTICES AND MOTION FOR PROTECTIVE ORDER** – Page 14

reminded her, "*That was not the agreement*. We agreed to move Messrs. Matatall's and Baldridge's depositions to shortly after ECI has answered Defendants' interrogatories. We requested dates in the first two weeks in June and you responded that you were 'working on getting the deposition dates for you,'" Defendants' counsel persisted in attempting to unilaterally change the parties' agreement by claiming that "the scheduling of the defendants' depositions is contingent upon receiving substantive interrogatory answers from ECI."[36]

The parties agreed to move Matatall's and Baldridge's depositions until after ECI served its interrogatory answers. The agreement did not include any provision for, and certainly was not contingent upon, Defendants' subjective satisfaction with ECI's interrogatory answers. Tellingly, counsel for Defendants originally represented that she was "working on getting the deposition dates"[37] without any mention of Defendants' satisfaction with ECI's interrogatory answers.

Having entered into an agreement with ECI and induced ECI to pass on the original deposition dates, Defendants cannot now refuse to produce the witnesses for their depositions or unilaterally impose new terms that Defendants apparently wish they had obtained but to which the parties never agreed. Defendants agreed to produce Matatall and Baldridge for depositions and cannot dodge their commitment because they claim to be displeased with ECI's written discovery responses.

## C.   Defendants Cannot Justify a Protective Order Shielding Matatall and Baldridge from Their Depositions.

Defendants' Motion also fails substantively, as Defendants fail to make the required "particular and specific demonstration of fact" that would establish that a protective order is required to avoid "annoyance, embarrassment, oppression, or undue burden or expense" under

---

[36]   *See* Stark Dec. ⁋ 7 (App. 002) & Ex. A-3 (App. 011) (emphasis added).

[37]   *See* Stark Dec. ⁋ 8 (App. 003) & Ex. A-3 (App. 013).

**PLAINTIFF'S RESPONSE AND BRIEF IN OPPOSITION TO DEFENDANTS' MOTION TO QUASH DEPOSITION NOTICES AND MOTION FOR PROTECTIVE ORDER – Page 15**

Rule 26. Defendants baldly argue that they are entitled to make the depositions of Matatall and Baldridge "contingent upon receiving substantive interrogatory answers from ECI." [Dkt. 109 at 3.] But the Rules of Civil Procedure do not recognize that a party has such unilateral control over the sequence of discovery. Nor do they permit a party to refuse to comply with discovery simply because the party is dissatisfied with its opponent's written discovery responses.

Rule 26(d)(3) expressly provides that the "methods of discovery may be used in any sequence; and discovery by one party does not require any other party to delay its discovery." In other words, "one party may not unilaterally decide when to withhold discovery." *Garmin Ltd. v. TomTom, Inc.*, No. 2:06-CV-338, 2007 U.S. Dist. LEXIS 74032, at *23 (E.D. Tex. Oct. 3, 2007); *see also Heller v. City of Dallas*, 303 F.R.D. 466, 493 (N.D. Tex. 2014) ("Plaintiffs may seek information through an interrogatory even if Defendant believes the subject matter would be better explored through a deposition.").

ECI's discovery responses are not deficient in any way. There is no confusion over what trade secrets ECI alleges that Defendants misappropriated. The Second Amended Complaint thoroughly details the relationships of the parties, the software at issue, and the misappropriation of ECI's trade secrets. *See Cornelius v. Eberstein & Witherite, LLP*, No. 3:13-cv-3886-P, 2014 U.S. Dist. LEXIS 132751, at *10-11 (N.D. Tex. Sep. 19, 2014) ("Defendants have not explained why [the witness] cannot sit for her deposition and Defendants' counsel cannot prepare her to answer questions about relevant facts without having received any documents from Plaintiffs."); *S. Filter Media, LLC v. Halter*, No. 13-116-JJB-RLB, 2014 U.S. Dist. LEXIS 22752, at *8-9 (M.D. La. Feb. 21, 2014) ("[T]he plaintiffs have not demonstrated good cause to the court that the defendant's deposition must occur only after the production of additional documents."). ECI's interrogatory answers further identify the trade secrets at issue with reasonable

**PLAINTIFF'S RESPONSE AND BRIEF IN OPPOSITION TO DEFENDANTS' MOTION TO QUASH DEPOSITION NOTICES AND MOTION FOR PROTECTIVE ORDER** – Page 16

*ACTIVE 43706398v4*

particularity. Defendants do not explain why these depositions cannot go forward. ECI is seeking fact, not expert, testimony, and ECI has alleged sufficient facts to allow Matatall and Baldridge to answer questions about the allegations in the Second Amendment Complaint and their role in misappropriating ECI's trade secrets.

Defendants' own actions further undermine their claims and argument. Defendants never moved for a more definite statement or otherwise sought to dismiss ECI's pleaded allegations in response to ECI's original, first amended, or second amended pleadings. To the contrary, Defendants understand ECI's allegations and the trade secrets misappropriated well enough to have served 113 requests for production, one request for inspection, and a combined 47 interrogatories on ECI. Although Defendants have filed a self-styled "Motion for Order Requiring Pre-Discovery Identification of Trade Secrets," they have not moved to compel ECI to change or supplement its interrogatory answers. Instead, Defendants have asserted only conclusory arguments that ECI has not provided sufficient particularity without identifying how the information provided is allegedly deficient.

## V.     CONCLUSION

Plaintiff ECI Software Solutions, Inc. requests that the Court deny Defendants' Motion to Quash Plaintiff's Deposition Notices of Defendants Greg Matatall and Ed Baldridge and Motion for Protective Order [Dkt. 109].

**PLAINTIFF'S RESPONSE AND BRIEF IN OPPOSITION TO DEFENDANTS' MOTION TO QUASH DEPOSITION NOTICES AND MOTION FOR PROTECTIVE ORDER** – Page 17

*ACTIVE 43706398v4*

Dated: June 20, 2019

Respectfully submitted,

*/s/ P. William Stark*
Christopher M. LaVigne
  Texas Bar No. 24026984
  lavignec@gtlaw.com
P. William Stark
  Texas Bar No. 24046902
  starkb@gtlaw.com
**GREENBERG TRAURIG, LLP**
2200 Ross Avenue, Suite 5200
Dallas, Texas 75201
Telephone: (214) 665-3600
Facsimile: (214) 665-3601

Mary-Olga Lovett
  Texas Bar No. 00789289
  lovettm@gtlaw.com
Rene Trevino
  Texas Bar No. 24051447
  trevinor@gtlaw.com
**GREENBERG TRAURIG, LLP**
1000 Louisiana, Suite 1700
Houston, Texas 77002
Telephone: (713) 374-3500
Facsimile: (713) 374-3505
**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was served on counsel of record on June 20, 2019, via the Court's electronic filing system.

*/s/ P. William Stark*
P. William Stark

**PLAINTIFF'S RESPONSE AND BRIEF IN OPPOSITION TO DEFENDANTS' MOTION TO QUASH DEPOSITION NOTICES AND MOTION FOR PROTECTIVE ORDER – Page 18**