UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| ECI SOFTWARE SOLUTIONS, INC., § § **Plaintiff,** § § v. § § JOHN PLYLER PLUMBING AND § HARDWARE, INC.; OLSHAN § LUMBER COMPANY; PROSPERITY § COMPUTER SOLUTIONS, LLC; § GREG MATATALL; WADE § FRAZIER; and ED BALDRIGE, § § **Defendants.** § | CAUSE NO. 3:18-cv-02758-S |

## PLAINTIFF'S OBJECTION TO IMPROPER EVIDENCE

Plaintiff ECI Software Solutions, Inc. ("ECI") hereby objects to the new evidence that Defendants improperly attached to the reply briefing in support of their discovery motions. Specifically, ECI objects to Exhibits 3, 4, 6, and 7 to Defendants' Appendix in Support of Reply in Support of Defendants' Motion to Quash Deposition Notices of Defendants Greg Matatall and Ed Baldridge and Motion for Protective Order, [Doc. 121]; Exhibits 2 and 3 to Defendants' Appendix in Support of Reply to Plaintiff's Response to Defendants' Motion for Order Requiring Pre-Discovery Identification of Trade Secrets, [Doc. 119]; paragraphs 2 and 9 of Defendants' Reply to Plaintiff's Response to Defendants' Motion for Order Requiring Pre-Discovery Identification of Trade Secrets, [Doc. 118 ¶¶ 2, 9]; and portions of paragraph 5 of Defendants' Reply in Support of Defendant's Motion to Quash and for Protective Order that rely on this improper evidence, [Doc. 120 ¶ 5].[1] In support thereof, ECI states as follows:

---
[1] The other attached exhibits were previously attached to other briefing or are otherwise in the Court's record.

## I. BACKGROUND

On May 31, 2019, Defendants filed two discovery motions, which are pending before the Court and set for hearing on July 12, 2019. Defendants filed a Motion for Order Requiring Pre-Discovery Identification of Trade Secrets, [Doc. 112], and a Motion to Quash and for Protective Order, [Doc. 108]. ECI responded to both motions on June 20, 2019. [Docs. 117 and 115, respectively.] Defendants filed reply briefs on July 5, 2019. [Docs. 118 and 120, respectively.] Defendants attached eleven exhibits to the appendices in support of their reply briefs. [*See* Docs. 119 (four exhibits) and 121 (seven exhibits).] Certain of these exhibits were not included with Defendants' motions or ECI's responses or otherwise in the Court's record. Indeed, many had not even been created when the motions or ECI's responses were filed. ECI objects to Defendants' new evidence as improper, and it should be stricken.

## II. ARGUMENT AND AUTHORITIES

**A.  Defendants Attached Evidence to Their Reply Briefs without Leave of Court.**

Defendants' new reply-brief evidence is improper under the local rules, which do not permit a party to submit evidence with a reply brief. *See* L.R. Civ. 7.1(f); *Melchoir v. Hilite Int'l, Inc.*, No. 3:11-cv-3094-M, 2018 U.S. Dist. LEXIS 30316, at *10 n.4 (N.D. Tex. Jan. 30, 2018) ("The Local Civil Rules for the Northern District of Texas do not permit the filing of evidence in support of a reply.") (citing L.R. Civ. 7.1(f)). As Judge Fitzwater recognized nearly thirty years ago, "The office of the reply brief . . . is to rebut the nonmovant's response, thereby persuading the court that the movant is entitled to the relief requested by the motion. The document is to contain argument, not new supporting materials." *Springs Industries, Inc. v. American Motorists Ins. Co.*, 137 F.R.D. 238, 239-40 (N.D. Tex. 1991).

In contravention to this rule, six of the exhibits attached to the appendices in support of Defendants' reply briefs were not part of their initial motions or ECI's response briefing or otherwise in the Court's record. These exhibits were letters drafted by Defendants' counsel and sent on June 17, 26, and 27, 2019—nearly a month after Defendants filed their discovery motions—and ECI's Objections and Responses to Prosperity Computer Solutions, LLC's Second Request For Production. With one exception, Defendants' new exhibits were created after ECI filed its response briefs. As such, ECI has not had an opportunity to address or rebut the new evidence or the arguments they purportedly support.

What is more, the letters from Defendants' counsel are irrelevant to the issues before the Court. They pertain to discovery issues on which the parties are currently conferring. In addition to being one-sided and self-serving, they add nothing to the issues of whether ECI has described its misappropriated trade secrets with reasonable particularity or whether Defendants can refuse to produce Defendants Greg Matatall and Ed Baldridge for depositions. The Court should strike this improper evidence.

B.   **Defendants' New Evidence Attempts to Incorporate Inadmissible Hearsay.**

Defendants' new reply brief evidence is also inadmissible. In paragraphs 2 and 9 of Defendants' Reply to Plaintiff's Response to Defendants' Motion for Order Requiring Pre-Discovery Identification of Trade Secrets, [Doc. 118 ¶¶ 2, 9], Defendants attempt to attribute out-of-court statements to ECI's counsel. Those alleged statements are offered for the truth of the matter asserted, satisfy no exception to the Hearsay rule, and are facially inadmissible hearsay. FED. R. CIV. P. 801 & 802.[2] To be sure, ECI disputes the accuracy of Defendants' recasting of its counsel's statements. In any event, an unsworn letter drafted by Defendants' counsel is not

---

[2]   Defendants' exhibits also lack an authenticating declaration or affidavit. FED. R. CIV. P. 901.

PLAINTIFF'S OBJECTION TO IMPROPER EVIDENCE – PAGE 3

competent proof of statements allegedly made by ECI's counsel. [*See* Doc. 118 ¶¶ 2, 9 (citing Ex. 3)]. This evidence is inadmissible and should be stricken.

C.     **Defendants Are Attempting to Circumvent Other Rules.**

Defendants' actions also run afoul of other rules. Local Rule 7.1(a) requires parties to meet and confer before filing motions. Yet, Defendants have submitted three separate letters that their counsel drafted, each of which alleges deficiencies in ECI's discovery responses. Even though the parties are in the process of conferring on alleged deficiencies in both parties' discovery responses, Defendants appear to attempt to use their reply briefs to prematurely preview discovery issues to the Court, before the parties have completed their conferences. Introducing these issues, which are irrelevant to Defendants' pending motions, while those conferences are occurring is improper and unproductive.

Defendants also appear to use their new exhibits to circumvent Local Rule 7.2(c)'s ten-page limit for reply briefs. While each of their reply briefs is within the page limit, Defendants use their new exhibits from their counsel to incorporate additional, although irrelevant, arguments. This, too, is improper.

III.    **CONCLUSION AND PRAYER**

WHEREFORE, Plaintiff ECI Software Solutions, Inc. respectfully requests that the Court strike Exhibits 3, 4, 6, and 7 to Defendants' Appendix in Support of Reply in Support of Defendants' Motion to Quash Deposition Notices of Defendants Greg Matatall and Ed Baldridge and Motion for Protective Order, [Docs. 121-3, -4, -6, -7], Exhibits 2 and 3 to Defendants' Appendix in Support of Reply to Plaintiff's Response to Defendants' Motion for Order Requiring Pre-Discovery Identification of Trade Secrets, [Doc. 119-2 and -3], paragraphs 2 and 9 of Defendants' Reply to Plaintiff's Response to Defendants' Motion for Order Requiring Pre-

Discovery Identification of Trade Secrets, [Doc. 118 ¶¶ 2, 9], and portions of paragraph 5 of Defendants' Reply in Support of Defendant's Motion to Quash and for Protective Order that rely on this improper evidence, [Doc. 120 ¶ 5] and grant ECI such other and further relief, at law or in equity, to which it may justly be entitled.

Dated: July 10, 2019

Respectfully submitted,

*/s/ P. William Stark*
Christopher M. LaVigne
  Texas Bar No. 24026984
  lavignec@gtlaw.com
P. William Stark
  Texas Bar No. 24046902
  starkb@gtlaw.com
**GREENBERG TRAURIG, LLP**
2200 Ross Avenue, Suite 5200
Dallas, Texas 75201
Telephone: (214) 665-3600
Facsimile: (214) 665-3601

Mary-Olga Lovett
  Texas Bar No. 00789289
  lovettm@gtlaw.com
Rene Trevino
  Texas Bar No. 24051447
  trevinor@gtlaw.com
**GREENBERG TRAURIG, LLP**
1000 Louisiana, Suite 1700
Houston, Texas 77002
Telephone: (713) 374-3500
Facsimile: (713) 374-3505
**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

    I hereby certify that on July 10, 2019, I electronically filed the foregoing document with the Clerk of the Court through the CM/ECF system, which will send notices of electronic filing to all counsel of record.

*/s/ P. William Stark*
P. William Stark