UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ECI SOFTWARE SOLUTIONS, INC., | § § § | |
| Plaintiff, | § § | |
| v. | § § | CAUSE NO. 3:18-cv-02758-S |
| JOHN PLYLER PLUMBING AND HARDWARE, INC.; OLSHAN LUMBER COMPANY; PROSPERITY COMPUTER SOLUTIONS, LLC; GREG MATATALL; WADE FRAZIER; and ED BALDRIGE, | § § § § § § § § | |
| Defendant. | § | |

**AGREED MOTION FOR BIFURCATION OF DISCOVERY
AND CONTINUANCE OF TRIAL SETTING**

The parties, Plaintiff ECI Software Solutions, Inc. ("ECI") and Defendants Prosperity Computer Solutions, LLC ("Prosperity"), Greg Matatall ("Matatall"), Wade Frazier ("Frazier"), and Ed Baldridge ("Baldrige") (collectively, "Defendants"), jointly move for an order under Federal Rule of Civil Procedure 16(b)(4) to modify the Scheduling Order [Dkt 75]. The parties ask that the Court bifurcate discovery on liability and damages and extend the trial setting and all currently unexpired deadlines. This motion is not being brought for delay but so that justice may be done. Despite the parties' diligence, substantial discovery remains to be completed in this complex trade-secrets case. Additionally, bifurcating such discovery could help expedite the proceedings and greatly reduce expenses to both sides. Neither party will be prejudiced by this bifurcation and continuance, and this Motion is being filed with sufficient time to avoid undue inconvenience to the Court. In support thereof, the parties state as follows:

ACTIVE 45645659v1

I.     **FACTUAL BACKGROUND**

A. **ECI Files Suit in the Eastern District, and the Case Is Transferred to the Northern District of Texas in September 2018.**

1. On August 3, 2018, ECI filed its Original Complaint in the Eastern District of Texas [Dkt. 1] against John Plyler Plumbing and Hardware, Inc ("Plyler"), Olshan Lumber Company ("Olshan"), and Prosperity. ECI contemporaneously filed its Application for Temporary Restraining Order and Preliminary Injunction and Brief in Support [Dkt. 3]. ECI's Original Complaint asserted claims for misappropriation of trade secrets (under both the Defend Trade Secrets Act and the Texas Uniform Trade Secrets Act), circumvention of copyright protection systems (the Digital Millennium Copyright Act), breaches of Plyler's and Olshan's end user license agreements, breach of Prosperity's prior settlement agreement with ECI, conspiracy, and tortious interference with contract.

2. On August 13, 2018, the Eastern District of Texas entered the Agreed Temporary Restraining Order and Order Setting Hearing for Preliminary Injunction [Dkt. 13].

3. On August 16, 2018, Olshan filed its Emergency Motion to Transfer Venue and Brief in Support [Dkt. 22] ("Motion to Transfer"), seeking transfer to the Northern District of Texas. On August 17, 2018, Plyler joined in Olshan's Motion to Transfer [Dkt. 24], and, on September 4, 2018, Prosperity joined in Olshan's Motion to Transfer [Dkt. 43].

4. On September 12, 2018, the Eastern District of Texas entered the Agreed Preliminary Injunction [Dkt. 49].

5. On September 13, 2018, ECI filed its Notice to Court Regarding Motion to Transfer [Dkt. 52], notifying the Eastern District of Texas that ECI would not oppose the transfer of this case to this Court.

6. On September 20, 2018, the Eastern District of Texas entered its Order Granting Transfer, transferring this case to the Northern District of Texas [Dkt. 57].

**B.     The Court Enters Its Scheduling Order in January 2019.**

7. On November 20, 2018, the Court entered its Order Setting Scheduling Conference, [Dkt. 64], setting the case for a scheduling conference on January 4, 2019.

8. Following the January 4, 2019 scheduling conference, the Court entered its Scheduling Order [Dkt. 75] on January 31, 2019.  Among other things, the Scheduling Order:

    i.    set the case for trial on June 1, 2020;

    ii.    ordered the parties to mediate with Joe Kendall by April 4, 2019;

    iii.    set an August 2, 2019 deadline for the disclosure of experts for the party with the burden of proof;

    iv.    set a September 2, 2019 deadline for the disclosure of opposing experts;

    v.    set a September 20, 2019 deadline for the disclosure of rebuttal experts and/or rebuttal opinions;

    vi.    set a November 22, 2019 deadline for the close of discovery; and

    vii.    set a January 7, 2020 deadline to file all motions.

**C.     ECI Amends Its Pleadings, and Defendants Answer.**

9. On February 8, 2019, ECI filed its Unopposed Motion for Leave to Amend Its Complaint and Brief in Support [Dkt. 77], which the Court granted on February 11, 2019 [Dkt. 78].  ECI's First Amended Complaint added Greg Matatall, Wade Frazier, and Ed Baldridge as Defendants; added substantial factual allegations; reasserted and expanded the claims contained in ECI's Original Complaint; and added claims for direct copyright infringement, indirect copyright infringement, fraud in the inducement, and breach of representations and warranties [Dkt. 79].

10. Olshan, Plyler, and Prosperity filed amended answers on February 22 and 25, 2019 [Dkt. 82-84]. Baldridge and Matatall answered ECI's First Amended Complaint on March 5, 2019 [Dkt. 86-87], and Frazier answered ECI's First Amended Complaint on March 19, 2019 [Dkt. 89].

11. On March 19, 2019, ECI filed its Unopposed Motion for Leave to File Second Amended Complaint and Brief in Support [Dkt. 90], which the Court granted on March 20, 2019 [Dkt. 91]. ECI's Second Amended Complaint [Dkt. 92] did not add new claims or parties but, rather, added new allegations as a result of the United States Supreme Court's opinion in *Fourth Estate Pub. Benefit Corp. v. Wall-Street.com, LLC*, 586 U.S. ___ (2019) [Dkt. 79, 90, and 92].

12. On March 26, 2019, ECI, Plyler, Olshan, Prosperity, and Frazier mediated [Dkt. 93]. At mediation, ECI, Plyler, and Olshan settled their claims [Dkt. 105]. ECI did not settle with Prosperity, Frazier, Matatall, or Baldridge.

13. On April 4, 2019, Prosperity, Matatall, Frazier, and Baldridge answered ECI's Second Amended Complaint [Dkt. 94-97].

D. **Defendants Challenged the Sufficiency of ECI's Identification of Trade Secrets.**

14. On April 16, 2019, ECI noticed Matatall's and Baldridge's depositions for May 13 and May 14, 2019, respectively.[1] On May 13, 2019, ECI served amended notices for Matatall's and Baldridge's depositions, rescheduling the depositions for June 18 and 19, 2019.[2]

15. On May 30, 2019, Defendants filed a Motion to Quash Plaintiff's Deposition Notices of Defendants Greg Matatall and Ed Baldridge and Motion for Protective Order [Dkt.

---

[1] Declaration of P. William Stark ("Stark Decl.") ¶ 3, App. 1, which is attached to the Appendix in Support of Agreed Motion for Continuance of Trial Setting as **Exhibit A**.

[2] Stark Decl. ¶ 3, App. 1.

108]. The next day, May 31, 2019, Prosperity filed a Motion for Order Requiring Pre-Discovery Identification of Trade Secrets [Dkt. 112].

16. On July 12, 2019, the Court held a hearing and denied both motions [Dkt. 124 & 125].

E. **The Parties Have Exchanged Multiple Sets of Written Discovery.**

17. Beginning on April 4, 2019, the parties have mutually exchanged requests for written discovery, with both sides exchanging interrogatories and hundreds of requests for production of documents.[3] The parties have continued serving discovery requests on one another as the case has progressed.[4]

F. **The Parties Have Exchanged Meet-and-Confer Letters Regarding Written Discovery Responses and Conferred in Person.**

18. On June 27, 2019, the parties conferred in person regarding disputes over their written discovery responses.[5] The parties resolved certain issues but have continued negotiating others.[6]

19. Among the issues on which the parties reached an agreement was the need for mutually agreeable search terms for electronically stored information.[7] The parties are continuing to negotiate those search terms.[8]

---

[3] Stark Decl. ¶ 4, App. 2.
[4] Stark Decl. ¶ 4, App. 2.
[5] Stark Decl. ¶ 5, App. 2.
[6] Stark Decl. ¶¶ 5-6, App. 2.
[7] Stark Decl. ¶ 5, App. 2.
[8] Stark Decl. ¶ 5, App. 2.

20.     Since that conference, and as the parties have exchanged and responded to additional discovery requests, they have exchanged further correspondence regarding perceived discovery deficiencies.[9]  Those discussions are ongoing.[10]

### G.     The Parties Have Taken Four Fact-Witness Depositions and Scheduled Others.

21.     Notwithstanding the limited production of documents, the parties have taken four fact-witness depositions thus far.[11]  ECI deposed Defendants Matatall and Baldridge on July 24 and 25, 2019, respectively.[12]  Defendants deposed ECI employees Brian Dufour and Dane Meyer on August 15 and 16, 2019, respectively.[13]

22.     Additional depositions have been scheduled.  ECI has noticed the depositions of Prosperity employees Mark Henning and Pat Collado for September 6 and 16, 2019, respectively.[14]  Mark Henning's deposition has been postponed, and the Parties are working to reschedule it later in September or in October.  Defendants have noticed the deposition of ECI employee Andrew Jones and Timothy Langr on September 17 and 19, 2019, respectively.[15]

### H.     The Parties Have Negotiated an Agreed Source Code Review Protocol.

23.     The Parties worked to negotiate a source code review protocol to allow the Parties' respective experts access to each other's source code and related documents, which are necessary for the experts to form their opinions.  On July 15, 2019, Defendants provided ECI with a proposed source code review protocol that would govern each Party's respective review of

---

[9]   Stark Decl. ¶ 6, App. 2.
[10]  Stark Decl. ¶ 6, App. 2.
[11]  Stark Decl. ¶ 7, App. 2.
[12]  Stark Decl. ¶ 7, App. 2.
[13]  Stark Decl. ¶ 7, App. 2.
[14]  Stark Decl. ¶ 8, App. 2.
[15]  Stark Decl. ¶ 8, App. 2.

the other's source code.[16] After several exchanges of proposed revisions, the parties submitted an agreed protocol to the Court on August 23, 2019 [Dkt. 128], which the Court entered on August 27, 2019 [Dkt. 129].

24. On August 27, 2019, ECI notified Defendants that ECI's experts would review Defendants' source code and related documents on September 5-6 and 9-12, 2019.[17] On August 29, 2019, Defendants notified ECI that Defendants' experts would review ECI's source code and related documents on September 9-13, 2019.[18]

I. **Significant Discovery Remains to be Completed.**

25. To accommodate the substantial discovery remaining, the parties previously moved the following deadlines by agreement, as permitted by section 3 of the Scheduling Order:

   i. Disclosure of experts by the party with the burden of proof to October 1, 2019

   ii. Disclosure of opposing experts to October 31, 2019

   iii. Rebuttal experts and/or rebuttal opinions to November 20, 2019

   iv. Close of discovery to December 20, 2019.

26. A jury trial is currently scheduled for the Court's three-week docket beginning on June 1, 2020 (the "Trial Setting"). [*See* Dkt. 75.]

27. On August 13, 2019, ECI asked Defendants for their position on a motion for a continuance of the trial date and current deadlines. On August 28, 2019, counsel for Defendants indicated that Defendants do not oppose a continuance.[19]

---

[16] Stark Decl. ¶ 9, App. 3.

[17] Stark Decl. ¶ 10, App. 3.

[18] Stark Decl. ¶ 10, App. 3.

[19] Stark Decl. ¶ 11, App. 3.

### J. The Parties Have Negotiated and Agreed to Bifurcation of Discovery

28. On September 4, 2019, Defendants asked if ECI for their position on a motion to bifurcate discovery on issues of liability and damages, and stay discovery on damages issues until discovery related to liability can be completed. That same day, ECI requested additional information from Defendants regarding their proposal for bifurcation and how it would work (including, but not limited to, what would trigger discovery on damages issues).

29. On September 5, 2019, Defendants provided additional information regarding their bifurcation proposal, which the parties further discussed and reached an agreement as set forth herein.

30. The parties do not seek the bifurcation and continuance of discovery for the purposes of delay, but so that justice may be done.[20]

## II. APPLICABLE LEGAL STANDARD

Federal Rule of Civil Procedure 16(b)(4) provides that "[a] schedule may be modified only for good cause and with the judge's consent." "The 'good cause' standard focuses on the diligence of the party seeking to modify the scheduling order." *Cut-Heal Animal Care Prods., Inc. v. Agri-Sales Assocs., Inc.*, 2009 U.S. Dist. LEXIS 9064, at *1 (N.D. Tex. Feb. 9, 2009). Good cause is shown if the moving party, despite its diligence, cannot reasonably meet scheduling order deadlines. *Id.* In considering a motion to modify the schedule, the court considers "(1) the party's explanation; (2) the importance of the requested relief; (3) potential prejudice in granting the relief; and (4) the availability of a continuance to cure such prejudice." *Id.* at *5.

---

[20] Stark Decl. ¶ 12, App. 3.

**AGREED MOTION FOR BIFURCATION OF DISCOVERY AND CONTINUANCE OF TRIAL SETTING** – Page 8
ACTIVE 45645659v1

### III.    ARGUMENTS AND AUTHORITIES

**A. Substantial Discovery Remains.**

This is a complex theft-of-trade secrets case between two software companies. Despite the parties' efforts, much remains to be done. The issues involved are complex, with extensive fact and expert discovery regarding issues of liability and damages required on both sides. The parties expect to take dozens of depositions and exchange hundreds of thousands of documents, most of which are currently being reviewed for production. Although the case was filed a year ago, discovery has only recently begun in earnest. Several events have delayed this litigation, including a stay pending transfer from the Eastern District, where the case was initially filed; the completion of the scheduling conference and the entry of a schedule; addition of new parties and claims by ECI in February 2019; a mediation that resulted in the settlement by two defendants; the parties' disagreement over whether ECI has sufficiently identified trade secrets that Defendants allegedly misappropriated; conferences regarding the sufficiency of written discovery responses; coordination of a search term protocol for the efficient review and production of hundreds of thousands of documents; and negotiation of a source code review protocol that is necessary for expert disclosures and testimony.

Notwithstanding these delays, the parties have engaged in fact discovery. They have taken four depositions and scheduled others, exchanged and responded to written discovery requests, and produced documents on a rolling basis, principally related to issues of liability to date. But significant discovery remains to be completed. *First*, the parties continue to negotiate a search term protocol to facilitate the production of documents. While the parties have each produced some documents, and continue to do so, they expect to each produce hundreds of thousands of documents once a search term protocol is agreed upon. *Second*, the parties'

respective experts will begin reviewing the opposing party's source code within the next two weeks. The review of the source code is a lengthy undertaking that must be completed before the experts can develop their opinions. Given the complexity of the issues involved, this review process could take at least several weeks to complete.

In any event, the parties' experts will not have sufficient time to review source code, develop their opinions, and produce written reports by the current deadlines. And *third*, numerous fact-witness depositions remain.

Given the amount of work left to be done, the parties are unable to meet existing deadlines and otherwise prepare for trial. The parties would be substantially prejudiced if a continuance is not granted since they will not be able to complete the discovery necessary for the prosecution and defense of a complex trade secret case (including, but not limited to, the production of documents, conferences regarding the sufficiency of discovery responses and productions, and depositions of witnesses) by the existing deadlines. Further, given the necessity for expert testimony and the complexity of the issues on which they will opine and work the experts must perform prior to forming their opinions, the parties' experts cannot complete such work and prepare their reports by the existing deadlines. Even if the experts were able to meet the existing deadlines, their reports would likely be subject to substantial revisions or supplementations as the parties produced additional documents.

### B. Bifurcation of Liability and Damages Issues Should Expedite Proceedings and Reduce Expenses.

The Parties believe that bifurcation of discovery into issues of liability and issues of damages has several advantages in complex case such as this action. Liability and damages issues are largely distinct from each other and should therefore be easily separable. Because the evidence relating to liability issues primarily involves technical matters largely unrelated to

damages issues, this action presents circumstances uniquely favoring bifurcation. Bifurcation of discovery in this case could help expedite proceedings and greatly reduce expenses to both sides and it will not prejudice either Party in any way.

Subject to the Court's approval, the Parties propose and request the following deadlines:

- December 2, 2019 - Disclosure of liability (technical) experts by the party with the burden of proof

- December 31, 2019 – Disclosure of opposing liability (technical) experts

- January 31, 2020 – Mediation

- January 1, 2020 – Discovery regarding damages begins

- January 20, 2020 – Rebuttal liability (technical) experts and/or opinions

- March 31, 2020 - Disclosure of damages experts by the party with the burden of proof

- April 30, 2020 – Disclosure of opposing damages experts

- May 20, 2020 – Rebuttal damages experts and/or opinions

- June 30, 2020 – Close of discovery

- August 31 – All motions, including any objections to expert testimony.

Good cause exists, and bifurcation and continuance should be granted.

## IV.   CONCLUSION

The parties jointly request that the Court: (i) grant this Motion; (ii) reset the trial setting and all other unexpired deadlines as requested herein; and (iii) any such other relief as the Court may deem appropriate.

Respectfully submitted,

| | |
|---|---|
| */s/ P. William Stark* | */s/ Elisaveta Dolghih* |
| Christopher M. LaVigne | Elisaveta Dolghih |
| Texas Bar No. 24026984 | Texas Bar No. 2403355 |
| lavignec@gtlaw.com | leiza.dolghih@lewisbrisbois.com |
| P. William Stark | Brent Sedge |
| Texas Bar No. 24046902 | Texas Bar No. 24082120 |
| starkb@gtlaw.com | brent.sedge@lewisbrisbois.com |
| **GREENBERG TRAURIG, LLP** | **LEWIS BRISBOIS BISGAARD & SMITH, LLP** |
| 2200 Ross Avenue, Suite 5200 | 2100 Ross Avenue, Suite 2000 |
| Dallas, Texas 75201 | Dallas, Texas 75201 |
| Telephone: (214) 665-3600 | Telephone: (214) 722-7108 |
| Facsimile: (214) 665-3601 | Facsimile: (214) 722-7111 |

Mary-Olga Lovett
 Texas Bar No. 00789289
 lovettm@gtlaw.com
Rene Trevino
 Texas Bar No. 24051447
 trevinor@gtlaw.com
**GREENBERG TRAURIG, LLP**
1000 Louisiana, Suite 1700
Houston, Texas 77002
Telephone: (713) 374-3500
Facsimile: (713) 374-3505

**ATTORNEYS FOR PLAINTIFF
ECI SOFTWARE SOLUTIONS, INC.**

/s/
Plaintiff ECI Software Solutions, Inc., in accordance with L.R. 40.1

**ATTORNEYS FOR PROSPERITY COMPUTER SOLUTIONS, LLC, WADE FRAZIER, ED BALDRIDGE, and GREG MATATALL**

/s/
Defendant Prosperity Computer Solutions, LLC, in accordance with L.R. 40.1

/s/
Defendant Wade Frazier, in accordance with L.R. 40.1

/s/
Defendant Ed Baldrige, in accordance with L.R. 40.1

/s/
Defendant Greg Matatall, in accordance with L.R. 40.1

Respectfully submitted,

/s/ _____
Christopher M. LaVigne
  Texas Bar No. 24026984
  lavignec@gtlaw.com
P. William Stark
  Texas Bar No. 24046902
  starkb@gtlaw.com
**GREENBERG TRAURIG, LLP**
2200 Ross Avenue, Suite 5200
Dallas, Texas 75201
Telephone: (214) 665-3600
Facsimile: (214) 665-3601

Mary-Olga Lovett
  Texas Bar No. 00789289
  lovettm@gtlaw.com
Rene Trevino
  Texas Bar No. 24051447
  trevinor@gtlaw.com
**GREENBERG TRAURIG, LLP**
1000 Louisiana, Suite 1700
Houston, Texas 77002
Telephone: (713) 374-3500
Facsimile: (713) 374-3505

**ATTORNEYS FOR PLAINTIFF ECI SOFTWARE SOLUTIONS, INC.**

/s/ _____
Plaintiff ECI Software Solutions, Inc., in accordance with L.R. 40.1

/s/ _____
Elisaveta Dolghih
Texas Bar No. 2403355
leiza.dolghih@lewisbrisbois.com
Brent Sedge
Texas Bar No. 24082120
brent.sedge@lewisbrisbois.com
**LEWIS BRISBOIS BISGAARD & SMITH, LLP**
2100 Ross Avenue, Suite 2000
Dallas, Texas 75201
Telephone: (214) 722-7108
Facsimile: (214) 722-7111

**ATTORNEYS FOR PROSPERITY COMPUTER SOLUTIONS, LLC, WADE FRAZIER, ED BALDRIDGE, and GREG MATATALL**

/s/ _____
Defendant Prosperity Computer Solutions, LLC, in accordance with L.R. 40.1

/s/ _____
Defendant Wade Frazier, in accordance with L.R. 40.1

/s/ _____
Defendant Ed Baldrige, in accordance with L.R. 40.1

/s/ _____
Defendant Greg Matatall, in accordance with L.R. 40.1

Respectfully submitted,

/s/
Christopher M. LaVigne
 Texas Bar No. 24026984
 lavignec@gtlaw.com
P. William Stark
 Texas Bar No. 24046902
 starkb@gtlaw.com
**GREENBERG TRAURIG, LLP**
2200 Ross Avenue, Suite 5200
Dallas, Texas 75201
Telephone: (214) 665-3600
Facsimile: (214) 665-3601

Mary-Olga Lovett
 Texas Bar No. 00789289
 lovettm@gtlaw.com
Rene Trevino
 Texas Bar No. 24051447
 trevinor@gtlaw.com
**GREENBERG TRAURIG, LLP**
1000 Louisiana, Suite 1700
Houston, Texas 77002
Telephone: (713) 374-3500
Facsimile: (713) 374-3505

**ATTORNEYS FOR PLAINTIFF
ECI SOFTWARE SOLUTIONS, INC.**

/s/
Plaintiff ECI Software Solutions, Inc., in accordance with L.R. 40.1

/s/
Elisaveta Dolghih
Texas Bar No. 24033389
leiza.dolghih@lewisbrisbois.com
Brent Sedge
Texas Bar No. 24082120
brent.sedge@lewisbrisbois.com
**LEWIS BRISBOIS BISGAARD & SMITH, LLP**
2100 Ross Avenue, Suite 2000
Dallas, Texas 75201
Telephone: (214) 722-7108
Facsimile: (214) 722-7111

**ATTORNEYS FOR PROSPERITY COMPUTER SOLUTIONS, LLC, WADE FRAZIER, ED BALDRIDGE, and GREG MATATALL**

/s/
Defendant Prosperity Computer Solutions, LLC, in accordance with L.R. 40.1

/s/
Defendant Wade Frazier, in accordance with L.R. 40.1

/s/
Defendant Ed Baldrige, in accordance with L.R. 40.1

/s/
Defendant Greg Matatall, in accordance with L.R. 40.1

Respectfully submitted,

/s/
Christopher M. LaVigne
 Texas Bar No. 24026984
 lavignec@gtlaw.com
P. William Stark
 Texas Bar No. 24046902
 starkb@gtlaw.com
**GREENBERG TRAURIG, LLP**
2200 Ross Avenue, Suite 5200
Dallas, Texas 75201
Telephone: (214) 665-3600
Facsimile: (214) 665-3601

Mary-Olga Lovett
 Texas Bar No. 00789289
 lovettm@gtlaw.com
Rene Trevino
 Texas Bar No. 24051447
 trevinor@gtlaw.com
**GREENBERG TRAURIG, LLP**
1000 Louisiana, Suite 1700
Houston, Texas 77002
Telephone: (713) 374-3500
Facsimile: (713) 374-3505

**ATTORNEYS FOR PLAINTIFF ECI SOFTWARE SOLUTIONS, INC.**

/s/
Plaintiff ECI Software Solutions, Inc., in accordance with L.R. 40.1

/s/
Elisaveta Dolghih
Texas Bar No. 2403355
leiza.dolghih@lewisbrisbois.com
Brent Sedge
Texas Bar No. 24082120
brent.sedge@lewisbrisbois.com
**LEWIS BRISBOIS BISGAARD & SMITH, LLP**
2100 Ross Avenue, Suite 2000
Dallas, Texas 75201
Telephone: (214) 722-7108
Facsimile: (214) 722-7111

**ATTORNEYS FOR PROSPERITY COMPUTER SOLUTIONS, LLC, WADE FRAZIER, ED BALDRIDGE, and GREG MATATALL**

/s/
Defendant Prosperity Computer Solutions, LLC, in accordance with L.R. 40.1

/s/
Defendant Wade Frazier, in accordance with L.R. 40.1

/s/
Defendant Ed Baldrige, in accordance with L.R. 40.1

/s/
Defendant Greg Matatall, in accordance with L.R. 40.1

## CERTIFICATE OF SERVICE

Respectfully submitted,

/s/
Christopher M. LaVigne
  Texas Bar No. 24026984
  lavignec@gtlaw.com
P. William Stark
  Texas Bar No. 24046902
  starkb@gtlaw.com
**GREENBERG TRAURIG, LLP**
2200 Ross Avenue, Suite 5200
Dallas, Texas 75201
Telephone: (214) 665-3600
Facsimile: (214) 665-3601

Mary-Olga Lovett
  Texas Bar No. 00789289
  lovettm@gtlaw.com
Rene Trevino
  Texas Bar No. 24051447
  trevinor@gtlaw.com
**GREENBERG TRAURIG, LLP**
1000 Louisiana, Suite 1700
Houston, Texas 77002
Telephone: (713) 374-3500
Facsimile: (713) 374-3505

**ATTORNEYS FOR PLAINTIFF
ECI SOFTWARE SOLUTIONS, INC.**

/s/
Plaintiff ECI Software Solutions, Inc., in accordance with L.R. 40.1

/s/
Elisaveta Dolghih
Texas Bar No. 2403355
leiza.dolghih@lewisbrisbois.com
Brent Sedge
Texas Bar No. 24082120
brent.sedge@lewisbrisbois.com
**LEWIS BRISBOIS BISGAARD & SMITH, LLP**
2100 Ross Avenue, Suite 2000
Dallas, Texas 75201
Telephone: (214) 722-7108
Facsimile: (214) 722-7111

**ATTORNEYS FOR PROSPERITY COMPUTER SOLUTIONS, LLC, WADE FRAZIER, ED BALDRIDGE, and GREG MATATALL**

/s/
Defendant Prosperity Computer Solutions, LLC, in accordance with L.R. 40.1

/s/
Defendant Wade Frazier, in accordance with L.R. 40.1

/s/
Defendant Ed Baldrige, in accordance with L.R. 40.1

/s/
Defendant Greg Matatall, in accordance with L.R. 40.1

## CERTIFICATE OF SERVICE

   I hereby certify that on September 11, 2019, I electronically filed the foregoing document with the Clerk of the Court through the CM/ECF system, which will send notices of electronic filing to all counsel of record.

                */s/ P. William Stark*
                P. William Stark