IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ECI SOFTWARE SOLUTIONS, INC., | § § § | |
| Plaintiff, | § § | |
| v. | § § | CAUSE NO. 3:18-cv-02758-E |
| JOHN PLYLER PLUMBING AND HARDWARE, INC.; OLSHAN LUMBER COMPANY; PROSPERITY COMPUTER SOLUTIONS, LLC; GREG MATATALL; WADE FRAZIER; and ED BALDRIGE, | § § § § § § § § | |
| Defendant. | § § | |

**PLAINTIFF'S MOTION TO COMPEL
PRODUCTION OF DOCUMENTS AND BRIEF IN SUPPORT**

Pursuant to Federal Rule of Civil Procedure 37, Plaintiff ECI Software Solutions, Inc. ("ECI") asks the Court to compel Defendant Prosperity Computer Solutions, LLC ("Prosperity"), to produce information requested by interrogatories under Rule 33 and documents requested under Rule 34. Despite ECI's good-faith efforts to confer with Defendants, the Court's intervention is necessary. In support thereof, ECI states as follows:

I.   **INTRODUCTION**

By misappropriating ECI's trade secrets and infringing its copyrights, Defendants created a copycat software (the "Prosperity ERP software"). The revenue that Defendants generated from the Prosperity ERP software is directly related to ECI's damages calculation. Through multiple sets of discovery requests issued in April and then August 2019, ECI asked Prosperity to produce discrete information regarding its revenues and sales from its copycat Prosperity ERP software.

Although Prosperity initially refused to produce any of this information, it eventually agreed to produce it. Notwithstanding that agreement, however, Prosperity will not say when that production will occur. ECI has waited long enough. ECI's expert witness disclosure deadline are just two weeks away, and ECI has no choice but to seek the Court's intervention. ECI thus asks the Court to compel Prosperity to produce its (i) financial statements, profit and loss statements, balance sheets, and cash flow statements, as well as (ii) records identifying its customers, dates of sales, costs incurred, and products sold.

## II. FACTUAL BACKGROUND

1. This is a theft of trade secrets and copyright infringement case. Among other things, ECI alleges that Defendants, including Prosperity, stole ECI's trade secrets, and "copied ECI's source code to create their copycat software product." [Dkt. 92 ¶ 51.] To that end, ECI claims Prosperity misappropriated trade secrets under the Defend Trade Secrets Act and the Texas Uniform Trade Secrets Act and circumvented copyright protection systems under the Digital Millennium Copyright Act. [*See generally id.*] Among other things, ECI seeks damages in the form of "any profits of the Prosperity Defendants that are attributable to the infringement . . . pursuant to 17 U.S.C. § 504." [*Id.* ¶¶ 157, 170; *see also id.* ¶¶ 117, 127, & 192.]

2. On April 4, 2019, ECI served its Second Set of Interrogatories to Defendant Prosperity Computer Solutions, LLC.[1] Therein, ECI asserted two interrogatories directly related to Prosperity's revenue related to its ERP software. Interrogatory No. 18 asks, "Describe with particularity all revenue You generated, obtained, and/or otherwise received from and/or as a result of selling and licensing Prosperity's ERP software," while Interrogatory No. 19 asks, "Describe with particularity all revenue You generated, obtained, and/or otherwise received from and/or as a result of providing support and service for Prosperity's ERP software."[2]

3. On May 28, 2019, Prosperity objected to Interrogatories No. 18 and 19, refusing to provide ECI with any information through the following answer:

> **RESPONSE:** Subject to general objections, Defendant objects to this interrogatory on the grounds that it seeks information protected by trade-secret privilege and Plaintiff has not established that the information is necessary or essential to the fair adjudication of its claims. Defendant further objects to this interrogatory because the instruction to answer this interrogatory "with particularity" exceeds the requirements of the Federal Rules of Civil Procedure.[3]

4. Also on April 4, 2019, ECI served its Second Request for Production to Defendant Prosperity Computer Solutions, LLC.[4] In four separate documents requests—Requests No. 32, 33, 83, and 84—ECI asked Prosperity to produce various documents reflecting financial information associated with the sale of Prosperity's ERP software. As with the corresponding interrogatories, on May 28, 2019, Prosperity refused to produce any documents responsive to these document requests:

> **Request for Production No. 32:** All documents and communications regarding, reflecting, relating to, and/or evidencing all revenue You generated, obtained,

---

[1] App. 001-002, Ex. 1, Stark Decl. ¶ 3.
[2] App. 010-011, Ex. 1-A; App. 001-002, Ex. 1, Stark Decl. ¶ 3.
[3] App. 010-011, Ex. 1-A; App. 001-002, Ex. 1, Stark Decl. ¶ 3.
[4] App. 002, Ex. 1, Stark Decl. ¶ 4.

and/or otherwise received from and/or as a result of selling and licensing Prosperity's ERP software.

**Response:** Subject to general objections, Defendant objects to this request for production on the grounds that it seeks information protected by trade-secret privilege and Plaintiff has not established that the information is necessary or essential to the fair adjudication of its claims. Defendant further objects to this request because it is not limited in scope and seeks information that is not relevant to the claim and defenses in this lawsuit.

Defendant further objects to this request on the grounds that it seeks documents protected by attorney-client privilege, joint-defense privilege, work-product and trade secret privilege.

**Request for Production No. 33:** All documents and communications regarding, reflecting, relating to, and/or evidencing all revenue You generated, obtained, and/or otherwise received from and/or as a result of providing support and service for Prosperity's ERP software.

**Response:** Subject to general objections, Defendant objects to this request for production on the grounds that it seeks information protected by trade-secret privilege and Plaintiff has not established that the information is necessary or essential to the fair adjudication of its claims. Defendant further objects to this request because it is not limited in scope and seeks information that is not relevant to the claim and defenses in this lawsuit.
Defendant further objects to this request on the grounds that it seeks documents protected by attorney-client privilege, joint-defense privilege, work-product and trade secret privilege.

**Request for Production 83:** All documents and communications regarding, reflecting, relating to, and/or evidencing all revenue You generated, obtained, and/or otherwise received from and/or as a result of the sale and/or licensing of Prosperity's ERP software.

**Response:** Subject to general objections, Defendant objects to this request for production on the grounds that it seeks information protected by trade-secret privilege and Plaintiff has not established that the information is necessary or essential to the fair adjudication of its claims. Defendant further objects to this request because it is not limited in scope and seeks information that is not relevant to the claim and defenses in this lawsuit.
Defendant further objects to this request on the grounds that it seeks documents protected by attorney-client privilege, joint-defense privilege, work-product and trade secret privilege.

Defendant further objects because this request is duplicative of request No. 32.

> **Request for Production No. 84:** All documents and communications regarding, reflecting, relating to, and/or evidencing all revenue You generated, obtained, and/or otherwise received from and/or as a result of supporting and/or servicing Prosperity's ERP software.
>
> **Response:** Subject to general objections, Defendant objects to this request for production on the grounds that it seeks information protected by trade-secret privilege and Plaintiff has not established that the information is necessary or essential to the fair adjudication of its claims.
> Defendant further objects to this request because it is not limited in scope and seeks information that is not relevant to the claim and defenses in this lawsuit.
> Defendant further objects to this request on the grounds that it seeks documents protected by attorney-client privilege, joint-defense privilege, work-product and trade secret privilege.
>
> Defendant further objects because this request is duplicative of request No. 33.[5]

5. On June 27, 2019, the parties had a discovery conference to negotiate alleged discovery deficiencies. Following that conference, Prosperity sent a letter to ECI, and regarding Interrogatories No. 18 and 19, stated, "We will provide profits and loss information. If ECI believes that Prosperity's revenue information is relevant to its damages, and provides Prosperity with the relevant legal authority, Prosperity will reconsider its objection."[6]

6. On July 5, 2019, ECI served Prosperity with a Third Request for Production of Documents (the "Third Prosperity Document Request").[7] Among other things, ECI asked Prosperity to produce additional financial information. Prosperity responded on August 5, 2019, again refusing to produce any documents:

> **Request for Production No. 204:** All documents and communications that reflect Prosperity's annual financial statements from the date of Prosperity's inception to the present, including but not limited to Prosperity's detailed financial statements, profit and loss statements, balance sheets, and cash flow statements.

---

[5]  App. 026-027, 039-040, Ex. 1-B.

[6]  App. 0059, Ex. 1-D; App. 002, Ex. 1, Stark Decl. ¶ 5.

[7]  App. 002, Ex. 1, Stark Decl. ¶ 6.

**RESPONSE:** Subject to general objections, Defendant objects to this request for production on the grounds that it seeks information not relevant to the claims or defenses asserted in this lawsuit. Defendant further objects to this request for production because it is unduly burdensome and is disproportionate to the needs of the case, considering the importance at issue in this lawsuit, the amount of controversy, the parties' relative access to information, the parties' resources, the importance of discovery in resolving the issues, and the fact burden or expense of the proposed discovery outweighs its likely benefit. Defendant is withholding responsive documents.

**Request for Production No. 213:** All documents and communications reflecting the costs incurred by Prosperity related to providing any software to each of its customers from the date of Prosperity's inception to the present.

**RESPONSE:** Subject to general objections, Defendant objects to this request for production on the grounds that it seeks information not relevant to the claims or defenses asserted in this lawsuit. Defendant further objects to this request for production because it is unduly burdensome and is disproportionate to the needs of the case, considering the importance at issue in this lawsuit, the amount of controversy, the parties' relative access to information, the parties' resources, the importance of discovery in resolving the issues, and the fact burden or expense of the proposed discovery outweighs its likely benefit.

**Request for Production No. 214:** All documents and communications reflecting the costs incurred by Prosperity related to providing any services to each of its customers from the date of Prosperity's inception to the present.

**RESPONSE:** Subject to general objections, Defendant objects to this request for production on the grounds that it seeks information not relevant to the claims or defenses asserted in this lawsuit. Defendant further objects to this request for production because it is unduly burdensome and is disproportionate to the needs of the case, considering the importance at issue in this lawsuit, the amount of controversy, the parties' relative access to information, the parties' resources, the importance of discovery in resolving the issues, and the fact burden or expense of the proposed discovery outweighs its likely benefit.[8]

7. On August 8, 2019, ECI sent a letter to Prosperity identifying the deficiencies in its responses.[9] Regarding the financial information in Request Nos. 204 and 214, ECI explained:

> This information is relevant to both Prosperity's claim in this case that it developed its ERP software independent of ECI and without misappropriating ECI's trade secrets and to ECI's damages. Indeed, you already agreed to produce a limited

---

[8] App. 082, 085, Ex. 1-D.

[9] App. 089-095, Ex. 1-E; App. 002, Ex. 1, Stark Decl. ¶ 7.

subset of this information by offering to produce ECI's profit and loss statements (which fall within the scope of Rule 204). Yet, now, Prosperity refuses to produce these documents. This blanket refusal cannot be justified. Prosperity must comply with its discovery obligations and produce these documents.[10]

Prosperity never responded to that letter.

8.     With expert deadlines looming—and five days after the Court denied the parties' Agreed Motion for Bifurcation and Continuance of Trial Setting—on September 17, 2019, ECI confirmed with Prosperity by e-mail whether Prosperity would agree to produce specific financial and sales information.[11] Counsel for Prosperity confirmed that it would (in blue font, below):

> ECI requested that Prosperity produce financial documents, which should include profit & loss statements, cash flow statements, and balance sheets. *See, e.g.*, Request 204; *see also* Requests 31, 32, 81, 83, 84, & 213-14. It was our understanding from the June meet and confer that you would be producing at least some of these documents. Has Prosperity produced these documents? If not, does it intend to? **We are currently gathering these documents and will produce them.**[12]

9.     For the ensuing month, ECI asked Prosperity, repeatedly, when these documents would be produced.[13] Prosperity refused to provide any date certain, instead stating that "we are working on gathering the financial documents for you. I do not have an ETA at this time, but we are working on getting them to ASAP."[14] Prosperity has not produced the documents nor provided any estimated time when they will be produced.

### III.     ARGUMENTS AND AUTHORITIES

Prosperity has failed to comply with its discovery obligations. ECI seeks a discrete set of plainly relevant documents and information, and producing them would not be unduly burdensome

---

[10]   App. 094, Ex. 1-E.

[11]   App. 102, Ex. 1-F; App. 002, Ex. 1, Stark Decl. ¶ 8.

[12]   App. 102, Ex. 1-F.

[13]   App. 096-103, Ex. 1-F.

[14]   App. 096, Ex. 1-F.

or disproportional to Prosperity. ECI thus asks the Court to overrule Prosperity's relevance, vagueness, burdensomeness, and proportionality objections, hold Prosperity to its agreement, and compel Prosperity to produce the financial documents sought by ECI.

A.     **The Court Should Order Prosperity to Produce Financial Sales Documents that Are Relevant to ECI's Damages.**

ECI asks the Court to compel Prosperity to produce the specific information requested by Interrogatories No. 18 and 19, as well as documents sought by Requests No. 31, 32, 83, 84, and 204. Prosperity's failure to produce these documents is untenable.

*First*, Prosperity has agreed to produce these documents. In its June 27, 2019 letter, Prosperity agreed to produce "profits and loss information."[15] And in response to multiple emails from ECI in the last month, Prosperity has agreed to produce responsive documents.[16] Given these representations, Prosperity cannot justify its failure to provide this information to ECI.

*Second*, setting aside its agreement to produce this information, Prosperity cannot justify a blanket refusal to produce financial and sales information. For one thing, Prosperity's written objections to ECI's discovery requests are untenable. Prosperity hides behind improper and unidentified "general objections." *Heller v. City of Dallas*, 303 F.R.D. 466, 490-92 (N.D. Tex. 2014). ECI cannot know whether Defendants are withholding any documents or information based on these objections, and if so, on what basis, particularly since those general objections are followed by a similarly vague potpourri of other generic objections. Defendants' continued use of this non-specific boilerplate is "inconsistent with the Federal Rules and is not warranted by existing law," *id.* at 484, and should be stricken.

---

[15]   App. 059, Ex. 1-C.

[16]   App. 096-103, Ex. 1-F.

For another, ECI's request for financial and sales information is plainly relevant to ECI's damages, and ECI's discovery requests are neither unduly burdensome nor disproportional to the needs of this litigation. The Rules allow parties to obtain discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense." FED. R. CIV. P. 26(b)(1); *Heller*, 303 F.R.D. at 489. "Relevancy is broadly construed, and a request for discovery should be considered relevant if there is 'any possibility' that the information sought may be relevant to the claim or defense of any party." *Merrill v. Waffle House, Inc.*, 227 F.R.D. 467, 470 (N.D. Tex. 2005). "The party resisting discovery must show specifically how each discovery request is not relevant or otherwise objectionable." *Samsung Elecs. Am., Inc.*, 321 F.R.D. at 283. ECI seeks damages in the form of its actual damages, as well as "any profits of the Prosperity Defendants that are attributable to the infringement . . . pursuant to 17 U.S.C. § 504." [Dkt. 92 ¶¶ 157, 170.] Unjust enrichment is an accepted form of damages in trade secret and copyright infringement cases. *See* 18 U.S.C. § 1836(b)(3)(B)(i)(II). To recover such damages, ECI has the burden to prove Defendants' revenue, and then Defendants would have the burden to prove appropriate offsets, if any. *See* 15 U.S.C. § 1117(a) ("In assessing profits the plaintiff shall be required to prove defendant's sales only; defendant must prove all elements of cost or deduction claimed."); 17 U.S.C. § 504(b) ("In establishing the infringer's profits, the copyright owner is required to present proof only of the infringer's gross revenue, and the infringer is required to prove his or her deductible expenses and the elements of profit attributable to factors other than the copyrighted work."). Yet, Prosperity refuses to produce *any* financial information. Prosperity cannot justify its outright refusal to produce comply with ECI's discovery requests.

Finally, Prosperity's refusal to produce this information has prejudiced ECI by preventing ECI's damages expert from analyzing this critical information. Under the parties' agreement,

ECI's expert witness disclosure is just two weeks from the date of this filing, and ECI's expert will be unable to issue a complete report without Prosperity's financial and sales information.[17] The Court should strike Prosperity's boilerplate objections and order Prosperity to produce these documents immediately. *See Performance Pulsation Control, Inc. v. Sigma Drilling Techs., LLC*, No. 4:17-cv-00450, 2018 U.S. Dist. LEXIS 22929, at *12-13 (E.D. Tex. Feb. 13, 2018) (ordering trade secret defendant to produce, among other things, "revenues and net profits").

Contemporaneously with this Motion, ECI has filed a renewed motion to bifurcate discovery and continue the trial setting. In the alternative to that request, ECI asks that the Court extend the deadline for ECI to disclose its expert opinion on damages until 30 days after Defendants have produced the information sought herein.

## IV. CONCLUSION

Plaintiff ECI Software Solutions, Inc. respectfully requests that the Court: (i) grant this Motion; (ii) overrule Defendant Prosperity Computer Solutions, LLC's improper discovery objections; (iii) compel Prosperity to comply with its discovery obligations by fully responding to ECI's Interrogatories No. 18 and 19 and Requests No. 31, 32, 83, 84, and 204; (iv) require Prosperity to produce its financial statements, profit and loss statements, balance sheets, and cash flow statements, and its records identifying its customers, dates of sales, costs incurred, and products sold; and (v) extend ECI's deadline for disclosing its damages expert to 30 days after receipt of the documents and information sought herein.

---

[17] App. 003, Ex. 1, Stark Decl. ¶ 9.

Respectfully submitted,

/s/ *P. William Stark*
Christopher M. LaVigne
Texas Bar No. 24026984
lavignec@gtlaw.com
P. William Stark
Texas Bar No. 24046902
starkb@gtlaw.com
**GREENBERG TRAURIG, LLP**
2200 Ross Avenue, Suite 5200
Dallas, Texas 75201
Telephone: (214) 665-3600
Facsimile: (214) 665-3601

Mary-Olga Lovett
Texas Bar No. 00789289
lovettm@gtlaw.com
Rene Trevino
Texas Bar No. 24051447
trevinor@gtlaw.com
**GREENBERG TRAURIG, LLP**
1000 Louisiana, Suite 1700
Houston, Texas 77002
Telephone: (713) 374-3500
Facsimile: (713) 374-3505

**ATTORNEYS FOR PLAINTIFF
ECI SOFTWARE SOLUTIONS, INC.**

## CERTIFICATE OF CONFERENCE

I hereby certify that between June 11 and October 8, 2019, either I or attorneys my law firm have conferred multiple times, both in person and by e-mail, with Elisaveta Dolghih, counsel for Defendants, regarding the issues raised in this motion, as detailed herein. Despite these multiple communications, the parties could not resolve these issues. Defendants have not responded to requests for their position on the relief requested herein, so Plaintiff presumes they are opposed.

/s/ *P. William Stark*
P. William Stark

## CERTIFICATE OF SERVICE

  I hereby certify that on October 22, 2019, I electronically filed the foregoing document with the Clerk of the Court through the CM/ECF system, which will send notices of electronic filing to all counsel of record.

               */s/ P. William Stark*
               P. William Stark